LIEDTKE, Appellant, et al.

v.

CARRINGTON, Appellee, et al.

[Cite as *Liedtke v. Carrington* (2001), 145 Ohio App.3d 396.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78974.

Decided Aug. 14, 2001.

William P. Liedtke, for appellant.

Gallagher, Sharp, Fulton & Norman, John A. Simon, Ernest W. Auciello, Jr. and Pamela S. Schremp, for appellee.

JAMES D. SWEENEY, Presiding Judge.

Plaintiff-appellant William P. Liedtke, Esq.[1] appeals from the trial court's decision granting the motion for summary judgement filed by the defendant-appellee Pamela Carrington, Ph.D. The appellant filed this action, *pro se,* seeking to hold the appellee liable for the contents of her report to the Cuyahoga County Department of Family and Children's Services ("CCDFCS").

Dr. Carrington is a psychologist employed by the private high school formerly attended by the appellant's daughter. While a minor in attendance at the high school, the appellant's daughter received psychological counseling from Dr. Carrington for the period of approximately one year. Dr. Carrington filed a report with CCDFCS that apparently indicated that the appellant had abused his daughter.[2] After conducting an investigation, CCDFCS sent a letter to the appellant indicating that the allegations were unsubstantiated.

The appellant sets forth the following assignment of error:

"The court below erred in granting the motion for summary judgment against the plaintiff–appellant herein. Substantial questions of fact were before the lower court but were never considered. A motion for summary judgment may be granted only if there are no substantial questions of fact or law before the lower court and the facts must be held most strongly against the party filing the motion for summary [judgment]. The granting of this motion for summary judgment was a final order of the common pleas court dated 11/28/2000, filed with such court on 11/30/2000. See Rules of Civil Procedure, Rule 56. Summary judgment (C) motions and proceedings '. . . . no evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence and stipulation, that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party [being] entitled to have the evidence or stipulation construed most strongly in the party's favor.' " (Ellipsis *sic.*)

The appellant argues that the trial court erred in granting the appellee's motion for summary judgment. The appellant asserts that the denial of discov-

---

1. This court notes that the all-caps format used by the appellant in his briefs is not in compliance with the App.R. 19. While not specifically prohibiting an all-caps format, the rule does require the use of standard type. In the interest of justice, this court has chosen to conduct a review despite the noncompliance of the appellant's briefs. The appellant is cautioned, however, that in the future, compliance with the rules is expected.

2. The record reveals that the trial court examined the CCDFCS file *in camera.* The report was not filed with this court and thus its content may only be surmised from the rest of the record.

ery by the trial court prohibited him from producing the evidence requisite to the substantiation of his case. At the core of the appellant's legal argument is the theory that the appellee was required to act in good faith.

The appellant also sets forth various reasons as to why the report to CCDFCS was improper. The appellant asserts that the appellee should not have divulged his personal medical information to CCDFCS. The appellant also apparently believes that because he is an attorney, with the same reporting duties concerning allegations of child abuse and neglect as Dr. Carrington, and because he expends his material wealth to the benefit of his daughter, *i.e.*, a private education and access to a motor vehicle, this evidence of his socioeconomic status somehow precludes an allegation of child abuse. Finally, the appellant asserts that the filing of these "criminal charges" against him were not warranted because he never physically struck his daughter.

This court reviews the lower court's grant of summary judgment *de novo*. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court applies the same test as the trial court. *Zaslov v. May Dept. Stores Co.* (Oct. 1, 1998), Cuyahoga App. No. 74030, unreported, 1998 WL 686266. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come but to one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 617 N.E.2d 1123, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267, and *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A court is permitted to grant a motion for summary judgment where all of the tests provided in Civ.R. 56 are met. See *Celotex Corp. v. Catrett* (1986), 477 U.S., 317, 323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274. This court held in *White v. Univ. Hosp. of Cleveland* (Nov. 22, 2000), Cuyahoga App. No. 77694, unreported, 2000 WL 1739304, that where R.C. 2151.421 provides immunity, summary judgment may be granted as a matter of law.

This court must begin this analysis with a recognition that children possess certain fundamental rights, among which are the right to be free from physical, sexual, and other abuses. See *State ex re. McCleary v. Roberts* (2000), 88 Ohio St.3d 365, 725 N.E.2d 1144, citing *In re Schmidt* (1986), 25 Ohio St.3d 331, 335, 25 OBR 386, 389–390, 496 N.E.2d 952, 956–957. Unfortunately, since we live in a society where children all too often fall victim to abuse, it is necessary to take precautions to prevent, or at least limit, any opportunities for victimization. *Id.* This court has discussed the public policy rationale underlying the

legislative grant of immunity found in R.C. 2151.421(G) for certain persons filing a report of suspected child abuse or neglect under R.C. 2151.421(A). It is clear that the legislature believed that the societal benefits of preventing child abuse outweigh the individual harm that might arise from the filing of a false report.

■ As the appellee correctly points out, she is immune from civil action pursuant to R.C. 2151.421. Sections (A) and (G) of the statute are most pertinent in resolving this appeal:

"(A)(1)(a) *No person described in division (A)(1)(b)* of this section who is acting in an official or professional capacity and knows or suspects that a child under eighteen years of age or a mentally retarded, developmentally disabled, or physically impaired child under twenty-one years of age has suffered or faces a threat of suffering any physical or mental wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of the child, *shall fail to immediately report* that knowledge or suspicion *to the public children services agency* or a municipal or county peace officer in the county in which the child resides or in which the abuse or neglect is occurring or has occurred.

"(b) Division (A)(1)(a) of this section applies to any person who is an attorney; physician, including a hospital intern or resident; dentist; podiatrist; practitioner of a limited branch of medicine as specified in section 4731.15 of the Revised Code; registered nurse; licensed practical nurse; visiting nurse; other health care professional; *licensed psychologist; licensed school psychologist;* speech pathologist or audiologist; coroner; administrator or employee of a child day-care center; administrator or employee of a residential camp or child day camp; administrator or employee of a certified child care agency or other public or private children services agency; school teacher; school employee; school authority; person engaged in social work or the practice of professional counseling; or a person rendering spiritual treatment through prayer in accordance with the tenets of a well-recognized religion." (Emphasis added.)

To encourage the listed professionals to report to the proper authorities, R.C. 2151.421(G)(1) confers immunity on them:

"(G)(1)(a) Except as provided in division (H)(3) of this section, *anyone* or any hospital, institution, *school,* health department, or agency participating in the making of *reports under division (A) of this section,* anyone or any hospital, institution, school, health department, or agency participating in good faith in the making of reports under division (B) of this section, and anyone participating in good faith in a judicial proceeding resulting from the reports, *shall be immune from any civil or criminal liability* for injury, death, or loss to person or property that otherwise might be incurred or imposed as a *result of the making of the reports* or the participation in the judicial proceeding." (Emphasis added.)

R.C. 2151.421 has been interpreted by this court several times in the recent past. In *Casbohm v. MetroHealth Med. Ctr.* (2000), 140 Ohio App.3d 58, 746 N.E.2d 661, this court held that R.C. 2151.421(A)(1)(a) does not merely permit certain persons acting in a professional capacity to report known or suspected child abuse; rather, the statute imposes an affirmative legal duty to do so. As a psychologist, the appellee herein is one of those persons specifically included under R.C. 2151.421(A)(1)(b) as having a mandatory duty to report even suspected abuse or neglect of a child.

In *Casbohm* this court cited *Surdel v. MetroHealth Med. Ctr.* (1999), 135 Ohio App.3d 141, 733 N.E.2d 281, to support this interpretation of the statute. Additionally, this court held in *Surdel* that professionals listed in R.C. 2151.421(A)(1)(b) are not required to make the report to the proper authorities with good faith. The good-faith requirement is imposed only under R.C. 2151.421(B).[3] Professionals have immunity under 2151.421(G)(1)(a) for their actions when making a report under R.C. 2151.421(A)(1)(b). *Casbohm, supra.*

█ This court has also covered discovery disputes in cases brought under R.C. 2151.421. In *Walters v. The Enrichment Ctr. of Wishing Well, Inc.* (1999), 133 Ohio App.3d 66, 726 N.E.2d 1058, this court held that the clear language of the statute mandates that not only are the reports of known or suspected abuse protected against use in civil litigation, but so also is the information contained within the reports; thus, a testimonial privilege is created. The trial court in the case *sub judice* did not err in denying the appellant discovery because the information sought by the appellant was confidential under R.C. 2151.421(H). See *Walters, supra.*

Thus, to summarize, the trial court in the case *sub judice* did not err in granting the appellee's motion as a matter of law. The appellee had an affirmative duty to report to CCDFCS any suspected abuse, mental or physical, by the appellant of his daughter. There is no statutory requirement that the appellee make her report under a good-faith standard. The trial court did not err in denying the appellant's discovery requests because the information is privileged. Even had the appellant been provided the discovery he requested, summary judgment would still have been granted as a matter of law, as the appellee is granted immunity by R.C. 2151.421(G).

---

**3.** R.C. 2151.421(B) permits anyone who knows or suspects child abuse to make a report to the appropriate public children services agency or a municipal or county peace officer. We also note that R.C. 2151.421(H)(1)(3) subjects only those persons reporting alleged child abuse or neglect under R.C. 2151.421(B), who knowingly made a false report, to criminal charges pursuant to R.C. 2921.14.

**402**

Finally, this court must state that the appellant's belief that child abuse does not occur where the child has professional parents and/or the family has achieved a certain socioeconomic status is not warranted. Child abuse and neglect are not limited to a certain socioeconomic class, gender, or race.

The appellant's assignment of error is overruled.

*Judgment affirmed.*

PATRICIA A. BLACKMON and COLLEEN CONWAY COONEY, JJ., concur.