## CITY OF TROTWOOD

v.

## BRIGGS.

Montgomery County Court of Ohio.

No. 94 TRC 2537 AB.

Decided July 13, 1994.

*David Fuchsman,* Trotwood Prosecutor, for plaintiff.

*Mary Donovan,* for defendant.

---

JEFFREY E. FROELICH, Judge.

The defendant was cited for violating R.C. 4511.19(A)(1) and Trotwood Codified Ordinance 72.005 on March 20, 1994. At that time, the defendant is alleged to have refused to submit to an alcohol test and therefore was served with BMV Form 2255 and an administrative license suspension was imposed.

The defendant entered a plea of not guilty, *pro se,* on March 21, 1994, and on April 7, 1994, attorney Mary Donovan entered her appearance and requested a pretrial hearing. On May 10, 1994, the defendant, through counsel, filed a formal appeal of the administrative license suspension. On May 28, 1994, a charge of left of center was dismissed and the defendant entered a plea of guilty to an amended charge of violating R.C. 4511.20, reckless operation, a misdemeanor of the fourth degree. The hearing on the defendant's appeal of his administrative license suspension came before this court on June 20, 1994. Before reaching any merits of the appeal, the prosecutor moved to dismiss the appeal based on the fact that it was not brought within five days of the defendant's being served with Form 2255. The prosecutor contends that the defendant was served with BMV Form 2255 on March 20, 1994 and that the defendant did not request a hearing on the suspension until May 10, 1994, almost fifty days after the notification. Therefore, the prosecutor contends that the defendant no longer has any right to such a hearing.

■ Form 2255 states that "you may make an appeal of the suspension in court at the time of your initial appearance. Even though you may appeal the suspension, your driving privileges will be suspended." The same form also provides that "the suspension takes effect immediately. The suspension will last at least until your initial appearance on the charge that will be held within five (5) days after the date of this arrest or the issuance of a citation to you. You may appeal the suspension at your initial appearance." The language on Form 2255 is a correct recitation of the requirements of R.C. 4511.191(H)(1), which provides the following:

"[T]he person may appeal the suspension at his inital [*sic* ] appearance on the charge resulting from the arrest in the court in which he will appear on that charge.

" * * *

"If the person appeals the suspension at his initial appearance, either he or the registrar may request a continuance of the appeal * * * at the same time as the making of the appeal. If either the person or the registrar requests a continuance of the appeal, the court may grant the continuance. The court also may continue the appeal on its own motion. * * * "

Since the initial appearance must be within five days, one reading of this requirement is that the person must appeal or request a continuance within that five days. However, this is a right of the defendant, not the state. The statute specifically states that "the person *may* appeal the suspension at his inital [*sic*] appearance" (emphasis added), clearly illustrating the legislature's intent to provide the driver with a prompt judicial review of the administrative suspension. This court would also have severe due process problems with any requirement for an appeal within five days after a defendant's arrest on a very serious charge, prior to any discovery, and often prior to the retention or appointment of an attorney. This court therefore holds that the five-day period mentioned in the statute is a protection and a right of the defendant and his failure to proceed within the five days has no effect whatsoever on the appeal rights provided by statute and elementary due process.

The facts of the case itself are more mundane. It is stipulated and the court further finds from the evidence that the law enforcement officer had reasonable grounds to believe that the defendant was operating a vehicle upon a highway within the state while under the influence of alcohol, that the law enforcement officer requested the defendant to submit to a chemical test, that the arresting officer informed the defendant of the consequences of refusing to be tested, and the only factual question before this court is whether the defendant refused to submit to the chemical test requested by the officer.

The breath machine usually available to the department was not operative and the department did not have arrangements with a hospital for a blood test; therefore, the officer requested the defendant to submit to a urine test. The defendant specifically asked if he could submit to another test and the officer replied affirmatively that such a test could be done at the defendant's own expense upon the conclusion of the urine test requested by the officer. The defendant was escorted to the restroom, where he indicated to the officer several times that he could not urinate. On one occasion, the defendant did urinate a small amount, but then dropped the container on the floor. The officer waited the complete two hours from the time of the citation before informing the defendant that his actions would be considered a refusal.

■ In the hearing conducted pursuant to R.C. 4511.191, the licensee has both the burden of going forward and the burden of showing by a preponderance of the evidence that there was error in the action taken by the registrar. *Andrews*

*v. Turner* (1977), 52 Ohio St.2d 31, 6 O.O.3d 149, 368 N.E.2d 1253; R.C. 4511.191(H)(2).

In *Murphy v. McCullion* (Sept. 26, 1986), Trumbull App. No. 3604, unreported, 1986 WL 10604 the defendant was requested to submit to a urine test. The defendant attempted several times to provide a urine sample and finally told the officer he could not. The officer concluded Murphy was refusing to submit to a chemical test and reported so to the bureau, which suspended his license pursuant to R.C. 4511.191. In reversing the trial court's action, the appellate court observed that the only evidence presented was the arresting officer's opinion that Murphy had refused to provide a urine sample, noting that the officer had offered no evidence as to other factors supporting his opinion. On the other hand, the evidence indicated that the defendant was cooperative and attempted to provide a sample on at least two occasions, that he even drank water in an attempt to cause himself to urinate, but was unable to do so. The court concluded that the trial court's determination that Murphy had refused to submit to a chemical test was not supported by competent, credible evidence and was against the weight of the evidence.

 In the case before the court, the defendant was cooperative and from the very beginning asked if he could submit to another test. The defendant testified that he tried to urinate but was unable to, except for one time in a small quantity and that this was accidentally dropped when the officer suddenly reentered the room. For the reasons stated in *Murphy* and some of the cases cited in the defendant's motion, the defendant has met the burden of going forward and of proof that he did not willingly refuse to take the urine test. There was no testimony submitted by the city to rebut or overcome this proof.

The court appreciates the difficult position in which this places the prosecution once the defendant credibly presents his case that he attempted to give a urine sample. However, the opposite is even more true. If the defendant's general attitude and actions and statements convey a willingness to attempt to give a urine sample and none is produced, but the lack of a sample would *per se* indicate a refusal, the only defendants who could ever prevail are those who could produce medical testimony concerning physiological or psychological impairment. This particular case appears to be an isolated situation, since it occurred when the breath machine was not working and blood-testing services were not available; nonetheless, an individual's privileges may not be administratively taken away unless the applicable statute is strictly complied with and the defendant is not placed in the position of proving himself innocent. Therefore, the court finds that the defendant did not refuse to take the test and the administrative license suspension is hereby removed.

*Judgment accordingly.*