OPINION
Defendant, Thomas West, was found guilty and convicted following a jury trial in Fairborn Municipal Court of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, R.C. 4511.19, and Drug Abuse, R.C. 2925.11. West was sentenced according to law, and has now timely appealed to this court.
In his initial "Brief of Appellant," West presents seven assignments of error for our review. However, in his "Answer To Appellee's Brief," West withdrew assignments of error five and six. Accordingly, we shall address errors one, two, three, four, and seven.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT ALLOWED THE APPELLANTS THE FACT OF INDIGENCE TO FILE THE APPEAL TO THIS COURT, BUT DENIED THE APPELLANT'S FACT OF INDIGENCE FOR OBTAINING THE TRIAL TRANSCRIPTS.
Two weeks before he filed his notice of appeal to this court, West filed a written motion in the trial court requesting a transcript of his trial proceeding prepared at public expense. The trial court did not rule on West's motion until after his notice of appeal was filed. The court denied West's request. West did not file a new notice of appeal from that judgment. Neither did he seek to amend his prior notice to include that judgment, as App.R. 3(F) permits.
The timely filing of a proper notice of appeal is necessary to invest the court of appeals with jurisdiction to review a final judgment or order of the trial court. Richards v. Industrial Commission (1955), 163 O.S. 439. Pursuant to App.R. 4(A), the notice must be filed within thirty days after entry of the judgment or order appealed from. The content of the notice is prescribed by App.R. 3(D), which states that it "shall designate the judgment, order, or party thereof appealed from. Pursuant to App.R. 3(F), the notice of appeal may be amended to include other orders or judgments subsequently rendered by the trial court in the same proceeding. However, the amendment must be made within thirty days after the order or judgment involved.
West's failure to appeal from the trial court's decision denying his request for a transcript at public expense, or to amend his notice of appeal to include that order of the trial court, deprives this court of jurisdiction to review the particular error that West has assigned.Richards, supra. Further, the time within which to take those steps now has long passed. West could seek leave to file a delayed appeal from the trial court's order pursuant to App.R. 5(A). However, the proper form for presentation of the claim to this court is a petition for writ of mandamus. See State v. Clark (June 19, 1998), Greene App. No. 97CA27, unreported.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY ADVISE THE APPELLANT THE NATURE AND CAUSE OF THE ALLEGED OFFENSES IN REFERENCE TO COMMON LAW AS DEMANDED.
West complains that he was never advised of the nature of the charges against him. This record refutes that claim. The criminal complaints that were filed in Fairborn Municipal Court charged West with operating a motor vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19, and drug abuse in violation of R.C. 2925.11. See Crim.R. 3. In his O.M.V.I. case only, West filed a "motion for written nature and cause of criminal charges." The trial court construed that motion as a request for a bill of particulars, and granted the request. The State subsequently filed a bill of particulars that complies with Crim.R. 7(E). Thus, this record amply demonstrates that West was informed of the essential conduct constituting the offense charged.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT FAILED TO PROVIDE THE APPELLANT THE ADDITIONAL DISCOVERY INFORMATION REQUESTED.
 Before trial commenced West filed a motion seeking additional discovery. Specifically, West sought:
 a. A recorded copy and/or transcript of the dispatcher's call which initiated the actions against the defendant.
 b. The statement from the complainting (sic) party, that initiated the action against the defendant.
 c. Written documentation on the total amount of federal grant monies received concerning the police power action on reduction of driving under influence program.
 d. Written documentation on the total numbers of citation issued in accords with O.R.C. 4511.19 for the years, 1999, 1998, 1997, 1996, and 1995.
 West argues that the trial court erred in failing to provide the discovery he requested.
In ruling upon West's discovery request, the trial court first noted that West was represented by counsel at the initial pretrial stages of this case and that discovery had already been provided to West via his counsel. That discovery included all written statements, including the "statement from the complaining party," which in this case is the statement or report by the arresting officer. Additionally, the trial court ordered the Fairborn police to make available to West a copy or transcript of the "police dispatcher's call which initiated this investigation."
The trial court refused West's request for documentation regarding the amount of Federal grant money received and spent by Fairborn police with respect to DUI enforcement programs and documentation regarding the total number of DUI arrests made by Fairborn police from 1995-1999. These items are clearly beyond the scope of evidence which must be disclosed pursuant to Crim.R. 16. Thus, the trial court did not err when it denied West's discovery request for those materials.
The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT FAILED TO PROVIDE AND/OR PROTECT THE APPELLANTS RIGHT TO TRIAL BY JURY AS DEFINED BY THE CONSTITUTION OF THE UNITED STATES AND THE CONSTITUTION OF OHIO.
 West was tried by a jury on his DUI charge. With respect to his drug abuse charge, however, West was tried by the trial court. West complains that he should have been afforded a jury trial on both charges.
West's drug abuse charge, alleging that he possessed marijuana in an amount less than one hundred grams, is a minor misdemeanor offense punishable by a fine of not more than one hundred dollars. R.C.2925.11(C)(3)(a); R.C. 2929.21(D). An accused does not have a right to a jury trial with respect to offenses for which the penalty involved does not exceed a fine of one hundred dollars. R.C. 2945.17.
The fourth assignment of error is overruled.
 SEVENTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO APPEAL AND TERMINATE A.L.S. SUSPENSION.
At the time of his arrest for driving while under the influence of alcohol and/or drugs, R.C. 4511.19, West was too severely intoxicated to coherently respond to the police officer's request that West take a breathalyzer test. The officer construed this as the functional equivalent of a refusal to take the test, and imposed an immediate administrative license suspension pursuant to R.C. 4511.191.
On May 24, 2000, a jury found West guilty of violating R.C. 4511.19, and the trial court sentenced West according to law. Two weeks after he was convicted and sentenced on the DUI charge, West filed a motion "To Appeal and Terminate A.L.S. Suspension." West argued that his severely intoxicated and incoherent state at the time of his arrest rendered him incapable of knowingly refusing the breathalyzer test. R.C. 4511.191(B). The trial court in a judgment entry filed June 30, 2000, refused to terminate West's A.L.S. suspension, stating: "the Administrative License Suspension shall remain in effect." West argues that the trial court erred in refusing to terminate his A.L.S. suspension.
Because West did not appeal his A.L.S. suspension at the time of his initial appearance on the DUI charge, it can be argued that any subsequent attempt to appeal that suspension is untimely. See R.C.4511.191(H)(1), (H)(2). Contra: Trotwood v. Briggs (Montgomery County C.P.C. 1994), 64 Ohio Misc.2d 34. In any event, it is dispositive of this assignment of error that the Double Jeopardy Clause of the United States and Ohio Constitutions precludes continued recognition of an administrative license suspension after imposition of criminal penalties for a violation of R.C. 4511.19. See State v. Gustafson (1996),76 Ohio St.3d 425 . In other words, once the trial court has imposed sentence upon a defendant for an offense of driving while under the influence of alcohol and/or drugs, any existing administrative license suspension arising from the offense terminates by operation of law, as continued application would be unconstitutional. Id.
The trial court erred when two weeks after it had imposed sentence upon West for violating R.C. 4511.19, the court determined that West's administrative license suspension would remain in effect. Therefore, West's seventh assignment of error is sustained.
We hereby modify the trial court's June 20, 2000 judgment entry to reflect that West's administrative license suspension is terminated. As so modified, West's conviction and sentence is otherwise affirmed.
WOLFF, J., and KERNS, J., concur.
Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.