OPINION
Appellant Michael Nichols appeals the decision of the Coshocton Municipal Court that denied his appeal of the administrative license suspension ("ALS") after the trial court concluded that appellant had been unlawfully stopped by a trooper of the Ohio State Highway Patrol. The following facts give rise to this appeal.
On October 13, 2000, Trooper L. Bethel, of the Ohio State Highway Patrol, stopped appellant for the offense of failure to yield which occurred at the intersection of Morgan Run Road and Branch Road. Following the stop, Trooper Bethel charged appellant with driving under the influence, failure to yield at a sign, seat belt violation, underage consumption and open container. Trooper Bethel transported appellant to the Coshocton County Sheriff's Department and requested appellant to submit to a Datamaster breath alcohol test. The breathalyzer test resulted in an "invalid sample" which was noted on the BAC Datamaster Evidence Ticket.
However, when Trooper Bethel executed BMV Form 2255, for imposition of the ALS, he indicated both a refusal to take the test and a BAC test result of .141%. Trooper Bethel performed no further tests. Thereafter, on December 6, 2000, appellant received notice, from the Registrar of the Ohio Bureau of Motor Vehicles, that his license was suspended because the test results showed a concentration of .10% or above blood alcohol content.
While the ALS was in effect, on November 22, 2000, appellant filed motions to suppress and dismiss. The trial court conducted a hearing on appellant's motion to suppress on December 1, 2000. On December 8, 2000, appellant filed motions to suppress the BAC refusal, to vacate the ALS for an invalid sample and for the return of his driver's license and driving privileges. On this same date, the trial court suppressed all evidence obtained subsequent to the stop of appellant's vehicle. As a result of the trial court's ruling on appellant's motion to suppress, the state moved to dismiss all of the charges against appellant on December 11, 2000, which the trial court granted the following day. The trial court, by way of a separate entry, denied appellant's motion to vacate the ALS and to suppress any evidence relating to the BAC testing. Thus, the ALS remained in effect until it expired on January 11, 2001, by order of the Registrar of the Ohio Bureau of Motor Vehicles.
Appellant filed an ALS appeal on December 26, 2000. The trial court conducted a hearing on appellant's ALS appeal on January 9, 2001. On February 2, 2001, the trial court denied appellant's ALS appeal on the basis that it was untimely filed. Appellant has since paid the required reinstatement fee and the Registrar of the Ohio Bureau of Motor Vehicles has reinstated his operator's license and full driving privileges.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. IN TRC-00-02498 A, THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DID NOT TERMINATE AND VACATE THE WRONGFULLY IMPOSED OCTOBER 13, 2000 ADMINISTRATIVE LICENSE SUSPENSION (ALS) AND IN FAILING TO ORDER THE REGISTRAR, OHIO BUREAU OF MOTOR VEHICLES TO RESTORE THE DEFENDANT-APPELLANT'S OPERATOR'S LICENSE WITH FULL PRIVILEGES AND AT NO EXPENSE OF REINSTATEMENT FEES.
 II. IN CVH-00-00397, THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THE DEFENDANT-APPELLANT'S ALS APPEAL WAS UNTIMELY FILED AND IN DETERMINING R.C. 4511.191 REQUIRED THE DEFENDANT-APPELLANT TO FILE HIS CIVIL ALS APPEAL WITHIN 5 DAYS OF THE ALS IMPOSITION DATE.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED DEFENDANT-APPELLANT A REMEDY AND DUE PROCESS FOR THE UNLAWFULLY IMPOSED ALS THROUGH AND BY BOTH IT'S (SIC) INDIVIDUAL AND COLLECTIVE RULINGS IN CASES TRC-00-02498 A AND CHV-00-00397.
 IV. IN TRC-00-02498 A, THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED IT'S (SIC) DISCRETION BY FAILING TO GRANT THE DEFENDANT-APPELLANT THE RELIEF REQUESTED, FOR REASONS INCLUDING MOOTNESS AND PREMATURITY, AND LEAVING A WRONGFULLY IMPOSED ALS IN FULL FORCE AND EFFECT.
 V. IN TRC-00-02498 A AND/OR CVH-00-00397 THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN THAT THE COURT'S RULINGS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND/OR PERPETUATE A MANIFEST INJUSTICE AGAINST THE DEFENDANT-APPELLANT.
 II
We will first address appellant's Second Assignment of Error. Under this assignment of error, appellant contends R.C. 4511.191(H)(1) does not mandate nor limit the appeal of an ALS suspension to the five-day time period provided for under the statute for the initial appearance. We agree.
R.C. 4511.191(H)(1) provides, in pertinent part:
 * * * [T]he person may appeal the suspension at the person's initial appearance on the charge resulting from the arrest in the court in which the person will appear on that charge. * * *
 If the person appeals the suspension at the person's initial appearance, either the person or the registrar may request a continuance of the appeal. Either the person or the registrar shall make the request for a continuance of the appeal at the same time as the making of the appeal. If either the person or the registrar requests a continuance of the appeal, the court may grant the continuance. The court also may continue the appeal on its own motion. The granting of a continuance applies only to the conduct of the appeal of the suspension and does not extend the time within which the initial appearance must be conducted, and the court shall proceed with all other aspects of the initial appearance in accordance with its normal procedures. Neither the request for nor the granting of a continuance stays the operation of the suspension that is the subject of the appeal.
R.C. 4511.191(G)2) provides that the "* * * initial appearance on the charge resulting from the arrest shall be held within five days of the person's arrest or the issuance of the citation to the person, * * *."
Appellant contends that based upon the above language of both R.C.4511.191(H)(1) and R.C. 4511.191(G)(2), the use of the word "may" means that it is discretionary as to when the defendant appeals the ALS and the defendant is not required to appeal the ALS within the five-day period provided for the initial appearance.
The Montgomery County Court addressed this issue in the case of Cityof Trotwood v. Briggs (1994), 64 Ohio Misc.2d 34. We find the court's analysis applicable to the case sub judice. In the Briggs case, the defendant refused to submit to an alcohol test and was served with BMV Form 2255 and an ALS was imposed on March 20, 1994. Id. at 35. At his initial appearance, on March 21, 1994, the defendant entered a plea of not guilty, pro se. Id. On April 7, 1994, the defendant's attorney entered her appearance and requested a pretrial hearing. Id. Thereafter, on May 10, 1994, the defendant filed a formal appeal of the ALS. Id. On May 28, 1994, the state dismissed the charge of left of center and the defendant pled guilty to an amended charge of reckless operation. Id.
The trial court heard the ALS appeal on June 20, 1994. Id. Before addressing the merits of the appeal, the prosecutor moved to dismiss the appeal based on the fact that it was not filed within five days of the defendant's receipt of BMV Form 2255. Id. The prosecutor further argued that the defendant did not have a right to an ALS appeal because he waited almost fifty days, after the notification of the ALS, to file the appeal. Id.The trial court concluded that the defendant did not waive his right to an ALS appeal by failing to file it within the five-day period and concluded:
 * * * the five-day period mentioned in the statute is a protection and a right of the defendant and his failure to proceed within the five days has no effect whatsoever on the appeal rights provided by statute and elementary due process. Id. at 36.
In reaching the above conclusion, the trial court stated:
 * * * [The right to appeal the ALS] is a right of the defendant, not the state. The statute specifically states that `the person may appeal the suspension at his initial [sic] appearance' (emphasis added), clearly illustrating the legislature's intent to provide the driver with a prompt judicial review of the administrative suspension. This court would also have severe due process problems with any requirement for an appeal within five days after a defendant's arrest on a very serious charge, prior to any discovery, and often prior to the retention or appointment of an attorney.
Id.
We agree with the Montgomery County Court's interpretation of R.C.4511.191(H)(1) and find that a defendant does not have to file an ALS appeal within the five-day period provided for the initial appearance. Thus, we conclude the trial court erred when it denied appellant's ALS appeal as untimely.
Appellant's Second Assignment of Error is sustained.
 I
Appellant maintains, in his First Assignment of Error, that the trial court erred when it did not terminate and vacate the ALS and in failing to order the Ohio Bureau of Motor Vehicles to restore his operator's license, with full privileges, and at no expense of reinstatement fees. We agree.
Specifically, appellant maintains that the dismissal of the DUI offense was an adjudication on the merits and the ALS should have been terminated by the trial court when all of the evidence was suppressed and the charges were dismissed. Therefore, appellant argues the effective termination date should be, retroactively, October 13, 2000, the date the trooper unlawfully imposed the ALS.
We agree the trial court should have terminated the ALS. However, we reach this conclusion on the basis that the arresting officer did not properly execute BMV Form 2255, not for the reasons set forth in appellant's First Assignment of Error. We begin our analysis by noting that the sworn report, BMV Form 2255, is prima facie proof of the information and statements it contains. See R.C. 4511.191(D)(3). Further, R.C. 4511.191(D)(1)(c)(i) through (v) states what must be included in the officer's sworn report, BMV Form 2255. This section of the statute provides:
 (i) That the officer had reasonable grounds to believe that, at the time of the arrest, the arrested person was operating a vehicle upon a highway or public or private property used by the public for vehicular travel or parking within this state while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration of alcohol in the blood, breath, or urine;
 (ii) That the person was arrested and charged with operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine;
 (iii) That the officer asked the person to take the designated chemical test, advised the person of the consequences of submitting to the chemical test or refusing to take the chemical test, and gave the person the form described in division (C)(2) of this section;
 (iv) That the person refused to submit to the chemical test or that the person submitted to the chemical test and the test results indicate that the person's blood contained a concentration of ten-hundredths of one percent or more by weight of alcohol, the person's breath contained a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath, or the person's urine contained a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of the person's urine at the time of the alleged offense;
 (v) That the officer served a notice of suspension upon the person as described in division (D)(1)(a) of this section. (Emphasis added.)
In the case sub judice, the arresting officer checked the box indicating a refusal to submit to an alcohol test and also indicated an alcohol test result of .141%. Under 4511.191(D)(1)(c)(iv), the arresting officer is to either indicate a refusal or indicate the person submitted to the alcohol test and provide the test results. Having failed to comply with the statutory requirements in completing BMV Form 2255, we hold that the report could not serve as prima facie proof of the information and statements it contains.
However, in the absence of a sworn report in an ALS appeal, the arresting officer may be called upon to testify as to the information which the report is required to contain. Triguba v. Registrar, BMV (June 27, 1996), Franklin App. No. 95APG11-1416, unreported, at 2, citing Painter and Looker, Ohio Driving Under the Influence Law (1995-96 Ed.) 66, Section T 7.8. In the case sub judice, the trial court has already judicially determined that the trooper did not have reasonable grounds to stop appellant's vehicle. Thus, the state cannot meet its burden that it complied with R.C. 4511.191(D)(1)(c)(i) through (iv). Therefore, the trial court should retroactively terminate appellant's ALS back to October 13, 2000, the date on which it was improperly imposed and order the BMV to refund any reinstatement fees appellant paid.
Appellant's First Assignment of Error is sustained. We will not address appellant's Third, Fourth or Fifth Assignments of Error as we find them moot based upon our disposition of appellant's First and Second Assignments of Error.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court, Coshocton, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Pursuant to App.R. 24(A)(3), appellee shall pay costs in this matter.
Hon. Julie A. Edwards, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J., concur.