[Cite as *State v. Leitwein*, 2020-Ohio-3698.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019CA00054 |
| JACOB B. LEITWEIN | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal  from the Fairfield County
Municipal Court, Case No. 19-TRC-11271

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 13, 2020

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

MITCHELL R. HARDEN      JAMES L. DYE
Assistant City Prosecutor      P.O.Box 161
136 West Main Street      Pickerington, OH 43147
Lancaster, OH 43130

*Gwin, P.J.*

{¶1} Defendant-appellant Joseph B. Leitwein ["Leitwein"] appeals the November 20, 2019 Judgment Entry of the Fairfield County Municipal Court that denied his Administrative License Suspension Appeal ["ALS"].

*Facts and Procedural History*

{¶2} On Sunday October 27, 2019, at approximately 3:22 a.m. Leitwein was arrested and charged with OVI, in violation of R.C. 4511.19(A)(1)(a), Driving in marked lanes, in violation of R.C. 4511.33, and Left of center, in violation of R.C. 4511.25. The state trooper requested that Leitwein submit to a chemical test. Leitwein refused to submit to the chemical test. Therefore, Leitwein's driver license was placed under an ALS for one-year with the ability to receive driving privileges after thirty days. The trooper served Leitwein with a copy of the citation which summoned Leitwein to appear in the Fairfield County Municipal Court for his initial appearance on November 5, 2019 at 8:00 a.m. A sworn copy of the BMV2255 was filed in the Fairfield County Municipal Court on October 28, 2020. Additionally, Leitwein signed a copy of the BMV2255 acknowledging that the trooper provided him a copy of the form.

{¶3} Leitwein orally appealed the ALS at his initial appearance on November 5, 2019. The trial court took the matter under advisement. Leitwein filed a written appeal of the ALS on November 6, 2019.

{¶4} The trial court conducted a hearing on Leitwein's ALS appeal on November 8, 2019. At the conclusion of the hearing, the trial court orally overruled the appeal and upheld the ALS. (T. at 8). The trial court filed a Judgment Entry overruling the Leitwein's ALS appeal and upholding the ALS on November 20, 2019.

*Assignment of Error*

{¶5}   Leitwein raises one Assignment of Error,

{¶6}   "I. THE TRIAL COURT ERRED BY FAILING TO VACATE THE ADMINISTRATIVE LICENSE SUSPENSION WHEN THE COURT FAILED TO COMPLY WITH THE MANDATORY REQUIREMENT CONTAINED IN R.C. § 4511.192 THEREBY VIOLATING APPELLANT'S DUE PROCESS RIGHTS.

*Law and Analysis*

{¶7}   Leitwein submits that failure to provide an accused charged with a violation of R.C. 4511.19 and placed under an ALS an initial appearance within five days of the date that he was charged as required by R.C. 4511.192(D)(1)(a), mandates the termination of that Administrative License Suspension.

**1. STANDARD OF APPELLATE REVIEW.**

{¶8}   Leitwein's argument centers on an issue of law, not the discretion of the trial court.  "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate.  *See Swartzentruber v. Orrville Grace Brethren Church*, 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.' *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13."  *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6. Because the assignment of error involves the interpretation of a statute, which is a question of law, we review the trial court's decision de novo.  *Med. Mut. of Ohio v. Schlotterer,* 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *Accord, State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9; *Hurt v. Liberty*

*Township, Delaware County, OH*, 5th Dist. Delaware No. 17 CAI 05 0031, 2017-Ohio-7820, ¶ 31.

**2. Issue for Appeal:** *Whether the failure to provide an accused charged with a violation of R.C. 4511.19 and placed under an ALS an initial appearance within five days of the date that he was charged as required by R.C. 4511.192(D)(1)(a), mandates the termination of that Administrative License Suspension.*

**2.1. The Administrative License Suspension - Background.**

{¶9}    A person who is arrested for OVI or physical control is deemed to have given consent for chemical tests to determine alcohol content. R.C. 4511.191(A)(2).  R.C. 4511.191 authorizes immediate "on-the-spot" suspensions of driving privileges at the time of an OVI arrest.  R.C. 4511.191(D). Acting "[o]n behalf of the registrar" of the bureau of motor vehicles ("BMV"), an arresting officer is required to implement an administrative license suspension as to a motorist who either (1) refuses, upon the officer's request, to submit to a chemical test to determine blood, breath or urine alcohol content, or (2) takes the test, but "fails" it, i.e., registers a blood-,breath-or urine-alcohol content exceeding statutory limits. Id. Duration of the ALS is established by R.C. 4511.191(E) and (F), and ranges from ninety days (imposed upon a first offender who "fails" a chemical test) to five years (imposed upon an arrestee who refuses testing, and has refused chemical testing on three or more prior occasions in the preceding five years). *See, State v. Gustafson,* 76 Ohio St.3d 425, 440-441, 1996-Ohio-299, 668 N.E.2d 435.

{¶10}   An ALS is civil in nature and remedial in purpose.  *Gustafson,* 76 Ohio St.3d 425, 440, 1996-Ohio-299, 668 N.E.2d 435.

**2.2. Appeal of the ALS.**

{¶11}  "It is well settled that the Due Process Clause applies to the suspension or revocation of a driver's license" *State v. Hochhausler*, 76 Ohio St.3d 455, 459, 668 N.E.2d 457(1996)(citations mitted). Since "the Due Process Clause applies to the suspension...of a driver's license," procedural safeguards are necessary to prevent an erroneous deprivation of an individual's property interest in a driver's license.  *Hochhausler*, 76 Ohio St.3d at 459, 668 N.E.2d 457 (1996).  R.C. 4511.197(A) subjects an ALS to judicial oversight and provides a licensee with a process to appeal an ALS.  The initial appearance upon the underlying OVI charge will be held within five days after the date of the person's arrest or the issuance of a citation to the person that led to the ALS.  R.C. 4511.192(D) (1) (a); R.C. 4511.196(A).  The person charged with an OVI "may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the...initial appearance."  R.C. 4511.197(A).

{¶12}  The scope of that appeal is limited to certain statutory questions.  When a person appeals an ALS pursuant to R.C. 4511.197, the scope of that appeal is limited to,

1) Whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle, streetcar, or trackless trolley in violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance or was in physical control of a vehicle, streetcar, or trackless trolley in violation of section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance and whether the arrested person was in fact placed under arrest;

2) Whether the law enforcement officer requested the arrested person to submit to the chemical test or tests designated pursuant to division (A) of section 4511.191 of the Revised Code;

3) If the person was under arrest as described in division (A)(5) of section 4511.191 of the Revised Code, whether the arresting officer advised the person at the time of the arrest that if the person refused to take a chemical test, the officer could employ whatever reasonable means were necessary to ensure that the person submitted to a chemical test of the person's whole blood or blood serum or plasma; or if the person was under arrest other than as described in division (A)(5) of section 4511.191 of the Revised Code, whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test or tests;

4) Whichever of the following is applicable:

(a) If the suspension was imposed under division (B) of section 4511.191 and section 4511.192 of the Revised Code, whether the arrested person refused to submit to the chemical test or tests requested by the officer;

(b) If the suspension was imposed under division (C) of section 4511.191 and section 4511.192 of the Revised Code, whether the arrest was for a violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance and, if it was, whether the chemical test results indicate that at the time of the alleged offense the arrested person's

whole blood, blood serum or plasma, breath, or urine contained at least the concentration of alcohol specified in division (A)(1)(b), (c), (d), or (e) of section 4511.19 of the Revised Code or at least the concentration of a listed controlled substance or a listed metabolite of a controlled substance specified in division (A)(1)(j) of section 4511.19 of the Revised Code.

{¶13} Implicit in the statue is the right to an evidentiary hearing. *State v. Katz,* 5th Dist. Delaware No. 09CA030028, 2009-Ohio-5803, ¶25. The burden of proof by a preponderance of evidence is upon the accused to demonstrate that one or more of the conditions set forth in R.C. 4511.197 has not been met. If the judge or magistrate determines the absence of a required condition, the suspension shall be terminated. R.C. 4511.197(D), (H).

{¶14} In the period between the arrest and the trial, the ALS continues for the length of time specified in R.C. 4510.02(B) absent judicial intervention. If the court terminates the ALS at any time prior to the adjudication on the merits of the underlying OVI charge, the court may impose a new suspension of the person's license notwithstanding the termination of the ALS suspension if the trier of fact determines that the person's continued driving will be a threat to public safety. R.C. 4511.196(B)(1). *See also,* R.C. 4511.197(D).

{¶15} If the accused refused the chemical test and is subsequently found not guilty of the OVI offense while the ALS is in effect, the verdict does not affect the ALS. R.C. 4511.191(D)(1). In the case at bar, Leitwein refused the chemical test and was charged with OVI pursuant to R.C. 4511.19(A)(1)(a).

**2.3. Initial Appearance and the ALS Appeal.**

{¶16} Leitwein's argument in the case at bar is that his ALS must be dismissed because his initial appearance on the OVI, Marked Lanes and Left of Center offenses did not occur within five days of his citation. R.C. 4511.196(A).

{¶17} The five-day requirement of R.C. 4511.196(A) is directed to the initial appearance on the underlying OVI charges. It does not mandate a hearing on the ALS within five days. In fact, the court is not required to conduct the evidentiary hearing on the ALS appeal at the initial appearance, even if an appeal is requested or filed at the time of the initial appearance. Either party may request a continuance, or the court may continue the hearing upon its own motion. R.C. 4511.197(A).

{¶18} As it relates to the ALS, the initial appearance begins the thirty-day time period within which the ALS appeal must be filed. Therefore, an accused will always have the initial appearance and thirty days after the initial appearance to file an ALS appeal regardless of when the initial appearance takes place.

### 2.4. Due Process and the ALS.

{¶19} The procedure employed for the immediate suspension of a driver's license provided in R.C. 4511.191 and subsequent judicial review of the suspension does not violate the right to procedural due process. *State v. Hochhausler,* 76 Ohio St.3d 455, 1996-Ohio0374, 668 N.E.2d 457(1996), paragraph one of the syllabus. The Ohio Supreme Court has recognized the importance of prompt post-suspension review to minimize the burden on a driver's private interest in "the continued possession and use of his driver's license pending the outcome of the ALS appeal." *Hochhausler*, 76 Ohio St.3d at 460-461, 668 N.E.2d 457(1996).

{¶20} Interestingly, the five-day time requirement for holding an initial appearance found in R.C. 4511.196(A) is not included in Chapter 29 of the Ohio Revised Code or within Crim.R. 10 that governs arraignments. Rather, Crim. R. 4 only requires that if the accused is not released after arrest or was arrested without a warrant, the accused shall be brought before the court "without unnecessary delay."  Crim. R. 4(E)(1)(c)(iii); Crim. R. 4(E)(1)((d); Crim.R. 4(E)(2). The Ohio Supreme Court has noted,

> Far from a mere formalism, arraignment is a stage important enough to entitle the accused to the presence of counsel.  *Kirby v. Illinois* (1972), 406 U.S. 682, 688–689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411, 416. *Nevertheless, arraignment is not a procedure required by the Due Process Clause of the Fifth Amendment.  Garland v. Washington* (1914), 232 U.S. 642, 645, 34 S.Ct. 456, 457, 58 L.Ed.  772, 775; *see United States v. Coffman* (C.A.10, 1977), 567 F.2d 960.

*State v. Phillips*, 74 Ohio St.3d 72, 93, 1995-Ohio-171, 656 N.E.2d 643 (emphasis added).

{¶21} R.C. 4511.196(A) does not provide a remedy for failure to conduct the initial appearance on the underlying OVI charges within five days of arrest or summons.

{¶22} In *Gerstein v. Pugh*, 420 U.S. 103, 105, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the United States Supreme Court addressed whether a person arrested without a warrant is constitutionally entitled to a judicial determination of probable cause. The United States Supreme Court held that "[w]hatever procedure a [s]tate may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." (Footnote omitted.)  Id., at 124–25, 95 S.Ct. 854.

{¶23}  In *Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), the Supreme Court explored what *Gerstein* meant by "promptly."  500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49. Attempting to "articulate more clearly the boundaries of what is permissible under the Fourth Amendment" in light of the competing interests at stake, the *McLaughlin* Court stated that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein.*" Id. at 56. Thus, "'prompt' generally means within 48 hours of the warrantless arrest."  *Powell v. Nevada*, 511 U.S. 79, 80, 114 S.Ct.1280, 128 L.Ed.2d 1(1994).

{¶24}  Neither *Gerstein* nor *McLaughlin* addressed the appropriate remedy when a probable cause determination was not made within the appropriate time frame. However, in *Gerstein*, the Supreme Court expressly stated that it was not "retreat[ing] from the established rule that illegal arrest or detention does not void a subsequent conviction."  420 U.S. at 119 (citations omitted). Thus, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." Id. (citations omitted). In  *Powell v. Nevada*, 511 U.S. 79, 83–84, 114 S.Ct. 1280, 128 L.Ed.2d 1 (1994), the United States Supreme Court concluded that a defendant's arrest that was not validated by a magistrate until four days had elapsed  was presumptively unreasonable under  *McLaughlin's* forty-eight hour rule. The United States Supreme Court recognized, however, that "[i]t does not necessarily follow ... that [the defendant] must be set free ... or gain other relief" and further acknowledged that the appropriate remedy for a violation of the forty-eight hour rule had

not been resolved in *McLaughlin.* (Citation omitted; internal quotation marks omitted.) Id., at 84, 114 S.Ct. 1280.

{¶25} In *Powell* the defendant had sought to suppress prejudicial statements which he made to police the day of his probable cause hearing, four days after his arrest. 511 U.S. at 79, 114 S.Ct. 1280. On remand from the United States Supreme Court, the Nevada Supreme Court held that harmless error analysis applies to *McLaughlin* violations, and found that the possible error in admitting Powell's prejudicial statements was harmless because the other evidence admitted at trial was so compelling that excluding the statements made during the illegal detention would not have changed the result at trial. *Powell v. State*, 113 Nev. 41, 930 P.2d 1123, 1126 (1997), *cert. denied*, 522 U.S. 954, 118 S.Ct. 377, 139 L.Ed.2d 294 (1997). See also, *United* States *v. Fullerton,* 187 F.3d 587, 591(6th Cir. 1999)(applying harmless error analysis to suppression of evidence sized at time of arrest where probable cause hearing was held more than 48 hours after arrest).

{¶26} In *State v. Nichols*, this Court found a prior version of R.C. 4511.197 to be discretionary. 5th Dist. Coshocton Nos. 01 CA 7, 01 CA 8, 2001-Ohio-1756. In *Nichols*, the appellant filed an ALS appeal on December 26, 2000. The trial court conducted a hearing on appellant's ALS appeal on January 9, 2001. On February 2, 2001, the trial court denied appellant's ALS appeal on the basis that it was untimely filed. On appeal, the appellant argued R.C. 4511.191(H)(1) did not mandate nor limit the appeal of an ALS suspension to the five-day time period provided for under the statute for the initial appearance. At the time, R.C. 4511.191(H)(1) did not provide that an ALS appeal could

be filed up to thirty days after the initial appearance. Rather, the statute under review in *Nichols* provided, in pertinent part,

> \* \* \* [T]he person may appeal the suspension *at the person's initial appearance on the charge resulting from the arrest* in the court in which the person will appear on that charge. \* \* \*
>
> If the person appeals the suspension at the person's initial appearance, either the person or the registrar may request a continuance of the appeal. Either the person or the registrar shall make the request for a continuance of the appeal at the same time as the making of the appeal. If either the person or the registrar requests a continuance of the appeal, the court may grant the continuance. The court also may continue the appeal on its own motion. The granting of a continuance applies only to the conduct of the appeal of the suspension and does not extend the time within which the initial appearance must be conducted, and the court shall proceed with all other aspects of the initial appearance in accordance with its normal procedures. Neither the request for nor the granting of a continuance stays the operation of the suspension that is the subject of the appeal.

Emphasis added. At that time, R.C. 4511.191(G)(2) provided that the "\* \* \* initial appearance on the charge resulting from the arrest shall be held within five days of the person's arrest or the issuance of the citation to the person, \* \* \*."

{¶27} In holding that that a defendant could file an ALS appeal beyond the five-day period provided for the initial appearance, this Court noted

"* * * [The right to appeal the ALS] is a right of the defendant, not the state. The statute specifically states that 'the person *may* appeal the suspension at his initial [sic] appearance' (emphasis added), clearly illustrating the legislature's intent to provide the driver with a prompt judicial review of the administrative suspension. *This court would also have severe due process problems with any requirement for an appeal within five days after a defendant's arrest on a very serious charge, prior to any discovery, and often prior to the retention or appointment of an attorney.*"

*Nichols* at *3, *citing City of Trotwood v. Briggs*, 64 Ohio Misc.2d 34, 639 N.E.2d 876 (C.C. 1994) (emphasis added).

{¶28} The burden of proof by a preponderance of the evidence is upon the accused to demonstrate that one or more of the conditions set forth in R.C. 4511.197 has not been met. Thus, it can be argued that requiring an ALS appeal to be heard within five days would not provide for a meaningful hearing on an ALS suspension and therefore denies the accused due process because it does not accord time for the defense to retain or be appointed an attorney, conduct discovery and gather evidence.

**2.5. Leitwein Was Afforded Due Process.**

{¶29} In the case at bar, Leitwein does not argue that he has been denied due process of law with respect to his underlying OVI charges. Leitwein filed an ALS appeal in the trial court. In his appeal, Leitwein did not allege that one or more of the conditions set forth in R.C. 4511.197 had not been met. (T. at 7-8). The trial court held an evidentiary hearing on Leitwein's ALS appeal. Leitwein did not present argument or evidence to the trial court that one or more of the conditions set forth in R.C. 4511.197 had not been met.

(T. at 4-5). Leitwein was given the opportunity to present evidence that the ALS was not authorized, and to challenge the officer's sworn report, the BMV Form 2255, as failing to comply with statutory requirements. He did not. His sole ground for the ALS appeal was failure to hold his initial appearance on the underlying OVI charges within five days of the date of his summons, a result that is not supported by R.C. 4511.196 or R.C. 4511.197.

{¶30} Leitwein was stopped for OVI on Sunday, October 27, 2019 at 3:22 a.m. His initial appearance took place on Tuesday, November 5, 2019. Leitwein's driver's license was subject to an ALS after he refused a chemical test. There is no constitutional right to refuse a chemical test, and a person's right to refuse a forced chemical test exists only if the forced test is unreasonable under the Fourth Amendment. *McNulty v. Curry*, 42 Ohio St.2d 341, 345, 328 N.E.2d 798(1975). The choice to submit to or refuse the test is not a constitutional right, but rather a matter of legislative grace. *South Dakota v. Neville*, 459 U.S. 553, 565 103 S.Ct. 916, 74 L.Ed.2d 748(1983); *State v. Bostrom*, 127 Wash.2d 580, 590, 902 P.2d 157, 161(1995). "[G]iven, then, that the offer of taking a blood-alcohol test is clearly legitimate, the action becomes no less legitimate when the State offers a second option of refusing the test, with the attendant penalties for making that choice." *South Dakota v. Neville*, 459 U.S. at 563-564, 103 S.Ct. 916, 74 L.Ed.2d 748(1983).

**3.0. Conclusion.**

{¶31} Leitwein did not suffer an unreasonable restraint upon his personal liberty because of the delay in holding his initial appearance. Leitwein did not suffer a prolonged or unjustified suspension of his driver's license due to the delay in holding his initial appearance.

{¶32}   We hold therefore that the delay in holding Leitwein's initial appearance was harmless beyond a reasonable doubt.   The trial court correctly denied Leitwein's appeal of his ALS because Leitwein was accorded a prompt post-suspension review during which Leitwein failed to demonstrate that one or more of the conditions set forth in R.C. 4511.197 had not been met.   Further, Leitwein has failed to articulate or demonstrate any actual prejudice resulting from the delay in holding his initial appearance until nine days after he was cited for OVI.

{¶33}   The judgment of the Fairfield County Municipal Court is affirmed.


By Gwin, P.J.,

Delaney, J. and

Baldwin, J., concur