**WALTERS et al., Appellants,**

v.

**THE ENRICHMENT CENTER OF WISHING WELL, INC. et al., Appellees.**

[Cite as *Walters v. The Enrichment Ctr. of Wishing Well, Inc.* (1999), 133 Ohio App.3d 66.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74069.

Decided June 7, 1999.

**68**

*Barbara Quinn Smith,* for appellants.

*Gallagher, Sharp, Fulton & Norman, Thomas E. Dover* and *Arthur E. Gibbs III; Ulmer & Berne* and *Craig A. Marvinney,* for appellees.

---

MICHAEL J. CORRIGAN, Judge.

Plaintiffs-appellants, Robert Walters, Jr. ("Walters") and Dawn Walters, appeal from the order of the trial court granting the motion for summary judgment of defendants-appellees, The Enrichment Center of Wishing Well, Inc. ("The Enrichment Center") and Janis Carlisle. In addition, appellants also appeal the trial court's denial of their motion to compel discovery and its granting of the appellees' motion for protective order.

This case, which was originally filed on September 27, 1994, already has a somewhat complex factual and procedural history. The Enrichment Center is a provider of day-care services. In a letter dated August 16, 1994, appellee Janis Carlisle, the owner/director of The Enrichment Center, informed the Medina County Department of Social Services, via letter, that she suspected that appellant Walters had engaged in "emotional abuse" of his son.

Prior to the time that this letter was sent, appellants and appellees had become involved in a dispute arising out of the allegedly disruptive behavior of the appellants' three-year-old son while enrolled at the appellee day-care center. It was this alleged anti-social behavior that purportedly resulted in the child's expulsion from the center.

On August 11, 1994, appellants' child had recently been "transitioned" from the toddler room to the three-year-old room. Apparently, the child refused to cooperate during nap time and, by his unruly conduct, encouraged the other children in the room to behave in a similar fashion. Unable to cope with a roomful of defiant three-year-olds, the teacher assigned to the class fled from the room in tears. Appellee Carlisle, determined to prevent any similar future

uprisings, called the appellants on the day in question to inform them that their son was being "expelled."

On August 15, 1994, Walters caused a police report to be filed with the North Royalton Police Department that alleged that The Enrichment Center had engaged in child endangering when the teacher in question "left the center screaming and crying that she just couldn't take it anymore." Walters stated in the police report that it was his understanding (from voice mail messages left at his place of employment by Carlisle) that the teacher had left the room without first securing an adult to supervise the children. Although his child was no longer enrolled at the center, Walters expressed concern that "this incident could reoccur with more tragic consequences."

The letter sent by Carlisle to the Medina County Department of Social Services was dated August 16, 1994, one day after the filing of the police report by Walters. Carlisle stated in the letter that "my decision to share our concerns with you is in no way a retaliation to [sic] Mr. Walters' charges." The basis for Carlisle's concerns, as outlined in her letter, was that it was "atypical to see a child be consistently afraid to leave the school with his father and pick out other men and ask his teacher if they could be his father instead." Along with her letter, Carlisle enclosed copies of witness statements submitted to the North Royalton Police Department by various staff members at The Enrichment Center detailing their concerns arising out of the appellants' child's behavior.[1]

The Medina County Department of Social Services conducted an investigation into the charges levied against Walters by Carlisle and determined, pursuant to a letter sent to the appellants dated August 31, 1994, that "the disposition in this matter is *unsubstantiated* emotional abuse." (Emphasis *sic*.)

Appellants filed the within lawsuit on September 27, 1994. The complaint alleged that appellees had reported suspected abuse to the Medina County Department of Social Services in bad faith in retaliation for the filing of a police report by the appellants and, in so doing, had defamed appellants. Additionally, the complaint included causes of action for intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, and "breach of duty."

During the course of discovery, appellants served appellees with a request for production of documents. Appellees objected to a number of the requests and filed a motion for protective order with the court. The trial court granted the

---

1. Some of these concerns included the allegations that appellants' child hit other children, did not like to take naps, cursed on a number of occasions (*e.g.*, "damn" and "bitch"), and "used to sing the song from *Cops*—Bad Boys," despite the fact that his mother had assured the staff that this particular show was not permitted in the Walterses' home.

motion for protective order as to all the requests for production of documents, except for two of them. The two requests for documents for which the protective order was not granted were:

(1) Copies of any correspondence between The Enrichment Center and any social service agency or any other investigatory agency, including police departments, which pertain to any allegation of abuse by plaintiff Robert Walters, Jr., and

(2) Copies of any document which pertains to any allegation of abuse by plaintiff Robert Walters, Jr.

The motion for protective order was premised on the confidentiality provisions of R.C. 2151.421(H), which protects from use in civil litigation reports of child abuse made by certain classes of persons.

Appellants filed an appeal with this court from the denial of the motion for protective order as it applied to these requests. This court reversed the decision of the trial court, stating:

"This statute reveals the legislature's unequivocal intent to ensure the confidentiality of any report made under this section. * * * The statute is unambiguous. R.C. 2151.421(B) and (H)(2) label this report 'confidential.' It thus functions analogous to a privilege. Moreover, to require complainants to release information about their complaint of child abuse would have a chilling effect."[2]

On appeal to the Supreme Court, the Supreme Court reversed this court's judgment, holding that the order denying the motion for protective order, from which the appeal had been taken, was not a final and appealable order, but rather was interlocutory in nature.[3] The crux of the court's decision was that the underlying lawsuit was not a "special proceeding" as that term is defined by R.C. 2505.02.[4]

Upon remand to the trial court, appellants filed a motion to compel discovery of the disputed documents. The motion to compel was denied by the trial court for the reasons set forth in this court's opinion of March 28, 1996, which held that the privilege applying to the documents was absolute.

---

2. *Walters v. The Enrichment Ctr. of Wishing Well, Inc.* (Mar. 28, 1996), Cuyahoga App. No. 69159, unreported, 1996 WL 139704.

3. *Walters v. The Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 676 N.E.2d 890.

4. R.C. 2505.02, as relevant to this case, provides that "an order that affects a substantial right made in a special proceeding * * * is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

On February 18, 1998, the trial court issued the following order, from which this appeal is taken:

"Plaintiffs' 12/10/97 motion for reconsideration of this court's order denying their motion to compel discovery is granted. However, plaintiff's argument is not well taken, and their requests for production of documents is denied. In addition, the defendants' 11/17/97 motion for protective order, and their 11/17/97 motion for summary judgment are granted."

The above-referenced order was accompanied by an opinion in which the trial court detailed the reasoning behind its ruling on the various motions. Specifically, the trial court stated that summary judgment was appropriate because of the provisions contained in R.C. 2151.421, which provide complete immunity to "an administrator or employee of a child day-care center" who reports knowledge of abuse or suspected abuse to a public children services agency or a municipal county peace officer. The trial court was not persuaded by the opinion of the Supreme Court in *State ex rel. Strothers v. Wertheim* (1997), 80 Ohio St.3d 155, 684 N.E.2d 1239, which appellants contended stood for the proposition that the immunity afforded day-care centers and their employees under R.C. 2151.421 is not absolute in cases where a report is made in bad faith.

As appellants' first and second assignments of error have a common basis in law and fact, this court shall address them together:

"I. The trial court erred as a matter of law in finding that R.C. 2151.421 precludes discovery of documents that are not investigatory records of a children's service[s] agency.

"II. The trial court erred as a matter of law in granting defendants–appellees' motion for a protective order."

In each of the first two assignments of error, the appellants contend that the protection against the use of reports of suspected child abuse in civil litigation provided by R.C. 2151.421 applies only to reports prepared *by* a children services agency, and not to reports or information provided *to* such an agency. This interpretation of R.C. 2151.421 contradicts the plain and unambiguous language of that statute.

R.C. 2151.421(A)(1)(a) states:

"No person described in division (A)(1)(b) of this section who is acting in an official or professional capacity and knows or suspects that a child under eighteen years of age * * * has suffered or faces a threat of suffering any physical or mental wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of the child, shall fail to immediately report that knowledge or suspicion to the public children services agency or municipal or county peace

officer in the county in which the child resides or in which the abuse or neglect is occurring or has occurred."

██ R.C. 2151.421(A)(1)(b) specifically defines "person * * * acting in an official or professional capacity" to include an "administrator or employee of a child day-care center." Thus, R.C. 2151.421(A)(1)(a) imposes an affirmative legal duty upon administrators and employees of day-care centers to report known or suspected child abuse. It does not merely permit such persons to report known or suspected abuse.

There is no dispute of fact, in the present case, that the person who notified the Medina County Department of Social Services of suspected child abuse, appellee Carlisle, was an administrator and/or an employee of a child day-care center at the time that the report was made. Therefore, appellants' contention that division (B) of R.C. 2141.421, which governs reports made by persons not acting in an official or professional capacity, is applicable to the instant case, rather than division (A), which governs reports made by persons acting in an official or professional capacity, is clearly misguided. This distinction is significant for a number of reasons, including the fact that the reporting provisions of division (A) are mandatory for those persons to whom they apply, whereas those of division (B) are merely discretionary.

R.C. 2151.421(G)(1) provides:

"* * * [A]nyone * * * participating in the making of reports under division (A) of this section, anyone * * * participating in good faith in the making of reports under division (B) of this section * * * shall be immune from any civil * * * liability for injury, death, or loss to person or property that otherwise might be incurred or imposed as a result of the making of the reports * * *."

██ It is important to note that this provision conditions immunity from civil liability on the good faith of the person making the report only for those persons reporting under division (B), and not for those reporting under the mandatory provisions of division (A). Therefore, the appellees in the case instanter are immune from any claims arising out of the filing of the report of suspected abuse by Carlisle, regardless of whether the report was made in good faith.

R.C. 2151.421(H)(1) states:

"[A] report made under this section is confidential. The *information* provided in a report made pursuant to this section and the name of the person who made the report shall not be released for use, and shall not be used, as evidence in any civil action or proceeding brought against the person who made the report." (Emphasis added.)

The clear language of R.C. 2151.421 mandates that not only are the reports of known or suspected abuse protected against use in civil litigation, but so also is the information contained within the reports. Appellants herein contend that the trial court erred in granting appellees' motion for a protective order (which sought to prevent the depositions of employees of The Enrichment Center) because R.C. 2151.421 does not create a "testimonial privilege." To the extent that R.C. 2151.421(H)(1) protects information provided in a report of known or suspected child abuse, it does in fact create a testimonial privilege. It would be absurd to hold that the information contained in a report made pursuant to R.C. 2151.421 cannot be used in civil litigation, but that the persons making such reports could nonetheless be deposed as to the attendant circumstances concerning the report.

In mandating that those persons listed in R.C. 2151.421(A) report known or suspected physical or mental abuse or neglect, it is clear that the societal benefits of preventing child abuse outweigh the individual harm which might arise from the filing of an occasional false report. The grant of immunity found in R.C. 2151.421(G)(1) for those persons reporting under the mandatory provisions of R.C. 2151.421(A) similarly promotes the public policy goal of protecting children from physical and mental abuse by ensuring that those persons who are required by law to report such abuse are not deterred from this duty by the daunting prospect of expensive and time-consuming litigation.

Appellants' reliance on the case of *State ex rel. Strothers v. Wertheim* (1997), 80 Ohio St.3d 155, 684 N.E.2d 1239, is also misplaced. In *Strothers,* the reports of abuse in question were not made by persons acting in an official or professional capacity to a children services agency. The reports in *Strothers* were made to the Citizens of Cuyahoga County Ombudsman Office pertaining to allegations of child abuse by staff members at the Cuyahoga County Juvenile Detention Center. The Supreme Court held that the records of these reports were not privileged because the Ombudsman Office was not a children services agency as set forth in R.C. 2151.421(A)(1)(a), but rather was a "public office" as defined by R.C. 149.011(A), making it subject to the public records disclosure requirements of R.C. 149.43. In the case *sub judice,* there is no question but that the reports of suspected child abuse were made to a children services agency and are, therefore, protected against use in any civil proceeding by R.C. 2151.421(H)(1). Thus, the trial court did not err when it denied appellants' motion to compel and granted appellees' motion for protective order.

Appellants also draw the court's attention to a case recently decided by this court, *Barney v. Univ. Hospitals* (Dec. 17, 1998), Cuyahoga App. No. 74188, unreported, 1998 WL 895273. The issues that were decided in *Barney* were whether the alleged bad faith of a child psychologist should be imputed to her

employer, University Hospitals, and whether a report made as part of a judicial proceeding had been made in good faith. The matter was referred to the child psychologist by the Ohio Department of Human Services during an investigation into alleged sexual abuse of a seven-year-old girl by her father. Thus, by the time that the child psychologist entered the picture, the proper authorities were already aware of the alleged abuse. Approximately two years later, the same child psychologist sent a letter to a social worker with the probate court, during a proceeding where the father of the girl was voluntarily relinquishing custody, stating that the girl had " 'described alleged sexual abuse by her biological father.' " *Id.* This court did not address the issue of whether the reporting of past abuse by a child psychologist to a probate court employee in the context of a custody hearing falls within the ambit of the mandatory reporting provisions of R.C. 2151.421(A).[5] The child psychologist's immunity from civil liability in *Barney* was conferred by the portion of R.C. 2151.421(G)(1) that states that "anyone participating in *good faith* in a judicial proceeding resulting from the reports, shall be immune from any civil * * * liability." (Emphasis added.) The court in a *per curiam* decision held that there was no evidence that the child psychologist acted in bad faith and, therefore, there could be no bad faith imputed to the hospital. The resolution of the instant case does not revolve around the issue of the good faith of appellees in their reporting of suspected mental abuse, because appellees are immune from civil liability regardless of whether they acted in good faith in making the reports.

As this court stated in *Walters v. The Enrichment Ctr. of Wishing Well, Inc.* (Mar. 28, 1996), Cuyahoga App. No. 69159, unreported, 1996 WL 139704:

"[R.C. 2151.421] is unambiguous. * * * It thus functions analogous to a privilege. Moreover, to require complainants to release information about their complaint of child abuse would have a chilling effect. The strong public policy interest in protecting the making of these reports was recognized by this court when it held that R.C. 2151.421 grants immunity even if the report is allegedly made in the absence of good faith. *Cudlin v. Cudlin* (1990), 64 Ohio App.3d 249 at 253 [580 N.E.2d 1170 at 1172]." (Footnote omitted.)

---

**5.** It appears that the court of appeals did not believe that the child psychologist's report to the probate court in *Barney* was made pursuant to the mandatory reporting provisions of R.C. 2151.421(A). R.C. 2151.421(A) requires that reports of known or suspected abuse be made to "the public children services agency or a municipal or county peace officer in the county which the child resides or in which the abuse or neglect is occurring or has occurred." If the report had been made under R.C. 2151.421(A), there would have been no need for the court to conduct an analysis of whether the report was made in good faith. The immunity from civil liability provided by R.C. 2151.421(G)(1) for persons reporting known or suspected abuse under the mandatory reporting provisions of R.C. 2151.421(A) is not conditioned on the good faith of the person making the report.

For the foregoing reasons, appellants' first and second assignments of error are overruled.

Appellants' third assignment of error states:

"III. The trial court erred as a matter of law in granting defendants–appellees' motion for summary judgment."

Civ.R. 56 provides that summary judgment may be granted only after the trial court determines that (1) "[n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come but to one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Supreme Court modified and/or clarified the summary judgment standard as applied in *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under *Dresher*, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." (Emphasis deleted.) *Id.*, 75 Ohio St.3d at 296, 662 N.E.2d at 264. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. *Id.* at 293, 662 N.E.2d at 276. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. *Id.*

This court reviews the lower court's granting of summary judgment *de novo*. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "[T]he reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." *Saunders v. McFaul* (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24, 26; *Link v. Leadworks Corp.* (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140, 1144.

R.C. 2151.421(G)(1) provides immunity for any civil liability that might arise from the making of a report of suspected child abuse pursuant to the mandatory reporting obligations of R.C. 2151.421(A), regardless of the good faith of the complainant. As was noted earlier in this opinion, there is no genuine issue of fact as to whether appellee Carlisle was an "administrator or employee of a child

day-care center" (R.C. 2151.421[A][1][b]) at the time that she reported her suspicions of abuse of appellants' child to the Medina County Department of Social Services. Therefore, appellees are immune from any civil liability arising out of the filing of the report of suspected abuse in this case, and summary judgment was properly granted by the trial court.

*Judgment affirmed.*

PATTON, J., concurs.

TIMOTHY E. McMONAGLE, P.J., concurs with separate concurring opinion.

TIMOTHY E. McMONAGLE, Presiding Judge, concurring.

I concur in the foregoing opinion. I write separately, however, to express my concern regarding the lack of a good-faith requirement for those persons making a report of suspected child abuse pursuant to the mandatory reporting obligations of R.C. 2151.421(A). I understand the desire of the Ohio legislature to protect children from abuse by mandating that certain persons are required to report suspected child abuse. I question the wisdom of a policy that grants absolute immunity to those persons, however, especially in cases such as this one where the evidence suggests that, at a minimum, there is a question of fact regarding whether the "mandatory" report was made in good faith. Until the legislature changes the statute, however, we are compelled to interpret it as it is written, *i.e.*, those persons reporting suspected child abuse pursuant to the mandatory reporting obligations of R.C. 2151.421(A) are absolutely immune from civil liability, even when the report is made in the absence of good faith.