SWARTZENTRUBER et al., Appellees,

v.

ORRVILLE GRACE BRETHREN CHURCH et al., Appellants.

[Cite as *Swartzentruber v. Orrville Grace Brethren Church*, 163 Ohio App.3d 96, 2005-Ohio-4264.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 04CA0081.

Decided Aug. 17, 2005.

Kenneth R. Beddow, for appellants Ike and Nancy Graham.

Thomas S. Mazanec, for appellant Richard Swartzentruber.

Christopher Schmitt and Renee J. Jackwood, for appellees Joseph and Maureen Schwartzentruber.

Thomas O'Donnell, for appellants Orrville Grace Brethren Church, Bill Greenfield, Bill Kallberg, Russ Miller, Dave Vodika, Mahlon Detweiler, and Nikki Sohar.

---

BATCHELDER, Judge.

{¶ 1} The defendants to a civil suit appeal from the Wayne County Court of Common Pleas, which ordered discovery of privileged material over defendants' objection. We reverse.

I

{¶ 2} Joseph and Maureen Swartzentruber allege that their four-year-old daughter was sexually abused by the 11–year–old adopted son of Ike and Nancy Graham and assert certain intentional tort claims against the boy, seeking money damages. The Swartzentrubers also assert negligent supervision claims against the Grahams, the Orrville Grace Brethren Church, of which Ike Graham is the pastor, and the six members of the Board of Trustees of that church. The case is currently stalled in the discovery stage, pending this appeal.

{¶ 3} The accusations stem from a single incident, which occurred at the Swartzentrubers' home, and the Swartzentrubers concede that the boy was the only defendant actually present at the time. Thus, the attenuated negligent-supervision claims depend on the premise that these defendants, the Grahams and the church board members, knew that this boy had a propensity to commit such a sexual assault and failed in their duty owed to this girl to protect her from the boy's otherwise independent tortious act. Towards proving this knowledge, the Swartzentrubers sought discovery of the boy's preadoption case file from the Wayne County Children Services Board ("CSB") and the Stark County Children Services Agency ("CSA"). The Swartzentrubers also sought to depose Nancy Graham as to her knowledge of her son's preadoption sexual abuse victimization and any evidence of associated maladjustment.

{¶ 4} Mrs. Graham's attorney advised her not to answer questions regarding this subject matter, insisting that it was privileged. The Swartzentrubers moved the trial court to compel her testimony. The Swartzentrubers also subpoenaed the Wayne County CSB and Stark County CSA for their files. The defendants moved the trial court for a protective order urging the court to quash the subpoena and prohibit questioning as to whether the boy "has been the victim of sexual abuse." After a full hearing, the court denied the defendant's motion for a protective order, granted the Swartzentrubers' motion to compel, and ordered the

discovery to proceed. The defendants appealed the decision to this court, asserting three assignments of error. We have consolidated the assignments of error to facilitate review.

## II

### First Assignment of Error

The trial court erred in overruling defendants' motion for protective order that sought to prevent disclosure of records pertaining to their adoptive children maintained by two children's services agencies because the records are protected from disclosure by R.C. 5153.17 and no reason was argued by plaintiff or identified by the trial court to allow for the disclosure.

### Second Assignment of Error

The trial court erred in overruling defendants' motion for protective order and compelling defendants to divulge the contents of documents protected from disclosure by R.C. 5153.17.

### Third Assignment of Error

The trial court erred in overruling defendants' motion for a protective order to preclude inquiry into whether defendant's adopted minor son had himself been the victim of sexual abuse because such inquiry requires the disclosure of intensely personal information that is not reasonably calculated to lead to admissible evidence.

{¶ 5} The defendants assert that the court erred in granting the Swartzentrubers' motion to compel (and in correspondingly denying their protective order) regarding potential sexual abuse suffered by the boy prior to his adoption by the Grahams. The defendants argue that the file material in question is privileged, and any testimony to such information is necessarily privileged as well. We agree.

{¶ 6} A trial court's discovery orders are generally reviewed for abuse of discretion. *Arnold v. Am. Natl. Red Cross* (1994), 93 Ohio App.3d 564, 575, 639 N.E.2d 484. However, when a trial court's order is based on a misconstruction of law, an abuse-of-discretion standard is not appropriate; in determining questions of law, an appellate court may properly substitute its judgment for that of the trial court. *Castlebrook, Ltd. v. Dayton Properties L.P.* (1992), 78 Ohio App.3d 340, 346, 604 N.E.2d 808. This case involves such a misconstruction of the law. The trial court order stated:

As stated in Civ. R. 26(B)(1), the fact that the information sought will be inadmissible at trial is not ground for objection if the information sought

appears reasonably calculated to lead to the discovery of admissible evidence. The [Swartzentrubers] have presented cognizable claims. [The Swartzentrubers] should be able to pursue discovery on their claims. The information contained in the CSB records and known to the Grahams may be relevant and even if it ultimately [is] inadmissible at trial, it may lead to the discovery of admissible evidence.

This is not a proper statement of the law.

{¶ 7} The scope of discovery is specifically defined to include "any matter, *not privileged,* which is relevant to the subject matter involved in the pending action." (Emphasis added.) Civ.R. 26(B)(1). In the present case, the trial court omitted the privilege provision from both its rendition and analysis.

■ {¶ 8} It is well settled that CSB reports on sexual abuse are privileged, under the confidentiality provisions of R.C. 5153.17 and 2151.421. *Chambers v. Chambers* (2000), 137 Ohio App.3d 355, 359, 738 N.E.2d 834, citing *State ex rel. Renfro v. Cuyahoga Cty. Dept. of Human Servs.* (1990), 54 Ohio St.3d 25, 29, 560 N.E.2d 230. Moreover, it "would be absurd" to allow deposition inquiry into the subject matter of the CSB reports, which cannot themselves be used in civil litigation. *Walters v. Enrichment Ctr. of Wishing Well, Inc.* (1999), 133 Ohio App.3d 66, 73, 726 N.E.2d 1058.

[The statute] is unambiguous * * *. It thus functions analogous to privilege. Moreover, to require complainants to release information about their complaint of child abuse would have a chilling effect. The strong public policy interest in protecting the making of these reports was recognized by this court when it held that R.C. 2151.421 grants immunity even if the report is allegedly made in the absence of good faith.

Id. at 74, 726 N.E.2d 1058, citing *Cudlin v. Cudlin* (1990), 64 Ohio App.3d 249, 253, 580 N.E.2d 1170. See, also, *Renfro,* 54 Ohio St.3d at 29, 560 N.E.2d 230 (holding that foster parents are not entitled even to a CSB report in which they may have been wrongfully implicated). The trial court failed to address the presumptively privileged nature of these reports and further failed to apply the appropriate test.

■ {¶ 9} Recognizing that this confidentiality is not absolute, a trial court may conduct an in camera inspection of the CSB reports and order disclosure upon finding that the reports are relevant to the pending action, that there is good cause for disclosure, and that disclosure outweighs the confidentiality considerations. *Johnson v. Johnson* (1999), 134 Ohio App.3d 579, 585, 731 N.E.2d 1144. "Good cause" was specifically defined to mean " 'when it is in the best interests of the child or when the due process rights of other subjects of the record are implicated.' " Id. at 583, 731 N.E.2d 1144, quoting 1991 Ohio

Atty.Gen.Ops. No. 91–003. Similarly, the possibility of disclosure outweighing confidentially considerations was directed at providing for the protection of the child or exonerating someone incorrectly criminally accused. Id. at 585, 731 N.E.2d 1144.

{¶ 10} In the present case, the Swartzentrubers seek discovery of these presumptively privileged CSB/CSA records regarding the adopted boy. Importantly, the Swartzentrubers are *not* alleging or even questioning whether these reports contain documentation of the *perpetration* by this boy of prior sexual abuses. Rather, the Swartzentrubers want to know whether this boy has ever been sexually abused. The simple fact is that it is confidential, irrelevant, and needlessly embarrassing. See Civ.R. 26(C) ("the court * * * may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

{¶ 11} The fact that a child has been the object of past sexual abuse necessarily classifies that child as a *victim.* The obvious classifications stop there. Whether this accused child was a victim of past sexual abuse is irrelevant to the present civil tort claim against the adoptive parents. The Swartzentrubers seek to take this classification one dubious step further and classify this child-victim as a sexual abuse *perpetrator*—that is, if the child-defendant was previously the victim of sex abuse, that child-defendant has a greater propensity to perpetrate sexual abuse against others. Allegations based on alleged propensity are ordinarily the type of impermissible character evidence that is prohibited in civil actions based on concepts of fairness and justice. See Evid.R. 404(A). The Swartzentrubers seek to make this information relevant by insinuating that knowledge by the Grahams that the boy was the victim of past sexual abuse provides foreseeability that he would perpetrate sex abuse and thereby imposes a duty on the Grahams to protect the Swartzentrubers' daughter. The record contains no authority to support such a nexus between victimization and perpetration.

{¶ 12} The Swartzentrubers also suggest that their tort claim against the Grahams and the church outweighs the boy's right to confidentiality in the pain and humiliation of having suffered as the victim of abuse. We do not believe that the law is quite so callous. Furthermore, we find no showing of good cause. The *Johnson* decision anticipated either the protection of the victimized child or the due process rights of a prosecuted perpetrator as the two circumstances that would outweigh the confidentiality. *Johnson,* 134 Ohio App.3d at 585, 731 N.E.2d 1144. We find no such circumstances here.

{¶ 13} If we were to revoke the privilege under these circumstances, then we would open the door to any tort plaintiff to obtain the confidential records of any alleged sex-abuse defendant, thus eviscerating the privilege. Accordingly, we find no sufficient basis to overcome the privilege that presumptively attaches to

the CSB/CSA reports. See *Renfro*, 54 Ohio St.3d at 29, 560 N.E.2d 230; *Johnson*, 134 Ohio App.3d at 585, 731 N.E.2d 1144. Moreover, allowing deposition inquiry into matters that are known only from CSB/CSA records would circumvent the privilege we just affirmed. Accordingly, that inquiry is correspondingly prohibited by confidentiality and privilege. See *Walters*, 133 Ohio App.3d at 73, 726 N.E.2d 1058. The assignments of error are sustained.

## III

{¶ 14} The Grahams' assignments of error are sustained. The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

WHITMORE, P.J., and READER, J., concur.

READER, J., retired, of the Fifth Appellate District, sitting by assignment.