DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Kathleen Wiley requested to inspect and obtain copies of certain records kept by the Summit County Children Services Board. Connie Humble, who at that time was Children Services' director, responded that the requested records were investigatory records that could not be produced unless Ms. Wiley informed Ms. Humble why she wanted the records, how they would be used, and how their release would be in the best interest of the children about whom the records were concerned. Rather than providing Ms. Humble the requested information, Ms. Wiley filed a petition for a writ of mandamus seeking an order *Page 2 
requiring Children Services and Ms. Humble to make the documents available. In her petition, she specifically averred that her intent in seeking the documents was "none of [Ms. Humble's] concern." Children Services moved for dismissal of Ms. Wiley's petition for failure to state a claim upon which relief can be granted, and the trial court granted that motion. The issue on appeal is whether a petition for a writ of mandamus seeking an order requiring a children services board to disclose investigatory records states a claim upon which relief can be granted when the petitioner specifically avers that the records should be disclosed to her without her being required to state why she is seeking their disclosure. This Court affirms the trial court's judgment because some investigatory records of children services boards, with narrow exceptions not applicable here, are not subject to disclosure and those that are subject to disclosure are only available upon a showing of good cause.
 I. {¶ 2} Ms. Wiley purported to bring this action for a writ of mandamus on behalf of herself and other members of her family. She was the only person who signed the pleadings, however, and, since she is not a lawyer, the trial court treated those pleadings as being on her behalf alone. Similarly, Ms. Wiley is the only person who signed the notice of appeal to this Court, and, accordingly, she is the only appellant in this matter. *Page 3 
 {¶ 3} By her action in the trial court, Ms. Wiley sought an order requiring Children Services to make available to her any records that it maintains regarding allegations of abuse, neglect, or dependency by her or her husband of their children from 1987 through the 1990's. She captioned the initial pleading she filed with the trial court as a "Complaint in Mandamus."
 {¶ 4} Children Services and Ms. Humble moved to dismiss Ms. Wiley's initial pleading, arguing that it was both procedurally and substantively deficient. Procedurally, they pointed out that Ms. Wiley had failed to comply with Section 2731.04 of the Ohio Revised Code, which requires an application for a writ of mandamus to be made by a verified petition in the name of the state. Substantively, they argued that Ms. Wiley's pleading should be dismissed because she did not aver that there was good cause for release of the documents she sought.
 {¶ 5} Ms. Wiley filed an amended pleading in response to the motion to dismiss. By that amended pleading, she cured the procedural defects in her initial pleading. She still did not, however, aver that there was good cause for release of the records she sought. In fact, she specifically denied any obligation to reveal her purpose in seeking the records:
 In her May 2, 2005 letter, Ms. Humble reiterated that she "need[ed] to know my intent in reviewing the records, how will the records be used and how release of the records will serve the best interest of the children involved." My intent is none of her concern. All the parties concerned have given their consent in writing multiple times, within the letters I have written and on signed notarized release of information forms. All parties are adults aged thirty-three, thirty, twenty-six, and twenty-six. *Page 4 
On July 24, 2006, the trial court dismissed Ms. Wiley's petition for failure to state a claim upon which relief can be granted, and Ms. Wiley appealed to this Court.
 II. {¶ 6} Ms. Wiley's sole assignment of error is that the trial court incorrectly dismissed her petition for a writ of mandamus. In reviewing the granting of a motion to dismiss, this Court must determine, as the trial court was required to determine in the first instance, whether it appears "beyond doubt from the [petition] that [the petitioner] can prove no set of facts entitling [her] to recovery." O'Brien v. Univ.Cmty. Tenants Union, Inc., 42 Ohio St. 2d 242, syllabus (1975).
 III. {¶ 7} Ms. Wiley sought the records at issue in reliance upon Ohio's open records act, Section 149.43 of the Ohio Revised Code. Subpart (B) of Section 149.43 provides that "public records" must be made available to any person for inspection, and, upon request, copies of those documents must be made available within a reasonable time. Subpart (A) of Section 149.43 provides generally that all records kept by any public office are "public records." That general definition, however, is modified by a list of specific types of records that, even though they are kept by a public office, are not "public records."
 {¶ 8} There is no question that Children Services is a public office within the meaning of Section 149.43. Records kept by it, therefore, are "public records," *Page 5 
subject to inspection and copying, unless they fall within one of the exceptions listed in Section 149.43(A). Subpart (1)(v) of Section149.43(A) excludes from the definition of "public records" "[r]ecords the release of which is prohibited by state or federal law." There are two Ohio statutes that potentially prohibit release of the records sought by Ms. Wiley.
 {¶ 9} Section 2151.421 of the Ohio Revised Code requires certain professionals and permits other people who know or suspect that a child is being abused or neglected to report that knowledge or suspicion to a public children services agency. Subpart (H)(1) of Section 2151.421
provides that, with certain exceptions not relevant here, information contained in such reports is confidential. To the extent that the records sought by Ms. Wiley include reports within the coverage of Section 2151.421 or information drawn from such reports, therefore, Section 2151.421(H)(1) renders those records confidential and not accessible under Section 149.43 of the Ohio Revised Code. State ex rel.Renfro v. Cuyahoga County Dept. of Human Servs., 54 Ohio St. 3d 25, 27
(1990); see State ex rel. Beacon Journal Publ'g Co. v. City ofAkron, 104 Ohio St. 3d 399, 2004-Ohio-6557, at ¶ 42.
 {¶ 10} The second Ohio statute that potentially prohibits release of the records sought by Ms. Wiley is Section 5153.17 of the Ohio Revised Code. That section requires children services agencies to prepare and keep records of investigations it conducts of families and children. The records that Ms. Wiley *Page 6 
sought from Children Services would have been prepared in accordance with this requirement. Section 5153.17 further provides that such records are confidential. As the Ohio Supreme Court recognized inRenfro, 54 Ohio St. 3d at 29, however, while a children services agency's "primary responsibility" under Section 5153.17 is to keep records within its coverage confidential, that confidentiality "is not absolute." Investigatory records prepared and kept under Section 5153.17
are accessible with written permission of the agency's executive director:
 Such records shall be confidential, but . . . shall be open to inspection by the agency, the director of job and family services, and the director of the county department of job and family services, and by other persons upon the written permission of the executive director.
In order to be granted permission by the executive director, however, a person desiring access to investigatory records must do more than just ask to see them. See State ex rel. Jones v. Summit County ChildrenServs. Bd., Summit App. No. 19915, 2001 WL 96048, at *5 (Jan. 24, 2001). Rather, to gain access to those records, it is necessary for such a person to demonstrate "good cause" that outweighs any need to keep the records confidential. See Swartzentruber v. Orrville Grace BrethrenChurch, 163 Ohio App. 3d 96, 2005-Ohio-4264, at ¶ 9. "Good cause" in this context means "when it is in the best interests of the child or when the due process rights of other subjects of the record are implicated." Id. (quoting Johnson v. Johnson, 134 Ohio App. 3d 579, 585
(1999)). Rather than attempting to demonstrate good cause, however, Ms. Wiley averred in her petition *Page 7 
for a writ of mandamus that her reason for wanting access to the requested documents was "none of [Ms. Humble's] concern."
 {¶ 11} In her reply brief in this Court, Ms. Wiley has suggested that the trial court should have conducted an in camera inspection of the documents she had requested before dismissing her petition. InSwartzentruber, 163 Ohio App. 3d at ¶ 9, this Court recognized that such an inspection may be necessary to determine whether good cause for access to investigatory records outweighs the reasons for keeping those records confidential. Such an inspection would also be necessary to segregate documents falling within Section 2151.421 from documents not within that section. See State ex rel. Bell v. White, 5th Dist. No. CA-93-15, 1994 WL 477795, at *2-3 (Aug. 3, 1994). An inspection was not necessary in this case, however, in view of Ms. Wiley's position that she was entitled to access to the records she desired without revealing why she wanted them. The trial court correctly dismissed Ms. Wiley's petition because there is no set of facts that would entitle her to access the investigatory records prepared and kept by Children Services without showing good cause. In order to show good cause, at a minimum, she would have to reveal why she wanted the documents.
 III. {¶ 12} Ms. Wiley's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed. *Page 8 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 WHITMORE, P. J. MOORE, J. CONCUR *Page 1