[Cite as *State v. Dawson*, 2018-Ohio-2685.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | **JUDGES:** |
|  | : | Hon. John W. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17CA021 |
| HEATHER DAWSON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Holmes County
                              Municipal Court, Case No. 14CRB049

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       July 9, 2018

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MATTHEW MUZIC                         JEFFREY KELLOGG
Assistant Prosecuting Attorney        5 South Washington Street
164 East Jackson Street               Millersburg, OH 44654
Millersburg, OH 44654

*Gwin, J.,*

{¶1} Defendant-appellant, Heather Dawson ["Dawson"] appeals the September 28, 2017 Judgment Entry of the Holmes County Municipal Court extending the term of her probation. Plaintiff-appellee is the State of Ohio

*Facts and Procedural History*

{¶2} On January 31, 2014, Dawson was arrested and charged with one count of theft arising from a shoplifting incident at the Millersburg Wal-Mart.

{¶3} On March 18, 2014, Dawson entered a no contest plea to one count of theft, a misdemeanor of the first degree, in violation of R.C. 2913.02(A)(1). The trial court found Dawson guilty.

{¶4} On March 18, 2014, Dawson was sentenced to serve 180 days in the Holmes County Jail and fined $400.00. She was credited for time served and the remainder of the jail term was suspended in favor of 3 years of community control.

{¶5} On July 24, 2015, Probation Officer Jeff Mellor filed a "Motion to Revoke Probation" alleging that Dawson "failed to report to probation." Mellor also filed a Precipe for the issuance of a warrant and a request for a $5000.00 cash or surety bond.

{¶6} On July 27, 2015, the court ordered a warrant for Dawson's arrest. The Journal Entry stated, "The court finds, pursuant to the affidavit, that probable cause exists and a warrant shall issue. Upon application of the Prosecuting Attorney and pursuant to Crim. R. 46; Defendant's bail is set at Cash, Surety or Property Bond (No 10%) of $5,000.00 cash or surety."

{¶7}   On July 26, 2017, Dawson was arrested on the July 27, 2015 warrant. On July 27, 2017, Dawson appeared before the Court, an adjudicatory hearing was scheduled for August 29, 2017.

{¶8}   Dawson filed a motion to dismiss on August 29, 2017 arguing that the Motion to revoke filed by Adult Probation Officer Jeff Mellor and the subsequent Warrant issued by the Court were defective and Dawson's term of probation had not tolled. Consequently, her term of probation ended on March 18, 2017 and therefore the motion to revoke probation should be dismissed.

{¶9}   The state responded on September 14, 2017 arguing that Mellor's motion to revoke probation was merely a notice to the Court and the Warrant issued by the Court was sufficient to toll Dawson's probation.

{¶10}  On September 21, 2014, the Court denied Dawson's motion to dismiss.

{¶11}  On September 26, 2017, Dawson entered an admission to violating the terms of her probation.

*Assignment of Error*

{¶12}  Dawson raises one assignment of error,

{¶13}  "I. THE TRIAL COURT ERRED, AND APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DENIED THE DEFENDANT'S MOTION TO DISMISS THE MOTION TO REVOKE PROBATION."

*Law and Analysis*

**STANDARD OF APPELLATE REVIEW**

{¶14}  "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate. *See Swartzentruber v. Orrville*

*Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.' *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13." *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6.  This Court reviews de novo a trial court's refusal to dismiss a violation of community control for lack of subject matter jurisdiction.  *State v. McQuade*, 9th Dist. Medina No. 08CA0081–M, 2009-Ohio-4795, ¶ 6; *Accord, State v. Meyer,* 9th Dist. Summit No. 26999, 2014-Ohio-3705, ¶8.

ISSUES FOR APPEAL

*Whether the trial court lost jurisdiction to sanction Dawson for a violation of community control because her term of community control had expired.*

**{¶15}**  R.C. 2951.07 provides:

A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended.  If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action.

**{¶16}**  In the case at bar, the trial court issued a warrant to arrest Dawson on July 27, 2015 for an alleged probation violation.  In *Rash v. Anderson*, 80 Ohio St.3d 349, 350,

686 N.E.2d 505 (1997), the Ohio Supreme Court found that the issuance of a capias tolls the running of the probationary period. R.C. 2951.07 does not require that the probationer leave the territorial jurisdiction of the court in order to "abscond" within the meaning of the statute. *In re Townsend*, 51 Ohio St.3d 136, 554 N.E.2d 1336 (1990). Therefore, the issuance of a warrant for Dawson's arrest would be sufficient to toll the time pursuant to R.C. 2951.07.

{¶17} However, Dawson contends that the warrant to arrest her in this case was invalid for two reasons. First, the probation officer engaged in the unauthorized practice of law when he filed the motion to revoke Dawson's probation. Second, the arrest warrant was invalid because the motion to revoke did not provide sufficient information for the trial court to find probable cause to arrest Dawson.

<u>1. A probation officer is authorized to report a probation violation to the trial court.</u>

{¶18} R.C. 2929.15 provides,

(2)(a) If a court sentences an offender to any community control sanction or combination of community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, the court shall place the offender under the general control and supervision of a department of probation in the county that serves the court *for purposes of reporting to the court a violation of any condition of the sanctions, any condition of release under a community control sanction imposed by the court, a violation of law, or the departure of the offender from this state without the permission of the court or the offender's probation officer.*

* * *

{¶19} Pursuant to R.C. 2951.08(A), during a period of community control, a probation officer may arrest a person without a warrant for violating the condition of a community control sanction.  The statute then provides the following procedure,

(B) Within three business days after making an arrest under this section, the arresting field officer, probation officer, or peace officer or the department or agency of the arresting officer shall notify the chief probation officer or the chief probation officer's designee that the person has been arrested.  Within thirty days of being notified that a field officer, probation officer, or peace officer has made an arrest under this section, the chief probation officer or designee, or another probation officer designated by the chief probation officer, promptly shall bring the person who was arrested before the judge or magistrate before whom the cause was pending.

{¶20}  Thus, a Holmes County Adult Probation Officer is authorized to arrest without a warrant a person who has violated the conditions of probation and bring that person before the trial court.

{¶21}  In the case at bar, the conditions of probation contained in the court file contain the following,

Report in person on the first Monday of every month, or as otherwise directed by the Probation Officer.  If that day is a legal holiday, you are to report **THE NEXT DAY.**  If you do not report on the correct day **DURING BUSINESS HOURS,** you may face a revocation of your probation and jail time.  **YOU MAY NOT REPORT BY LEAVING A VOICE MESSAGE AFTER BUSINESS HOURS.**

**{¶22}** The handwritten initials of Dawson appear after this provision. Further, the probation agreement signed by Dawson and her attorney on March 18, 2014 informed Dawson,

> If at any time during my term of probation I should become a fugitive from the jurisdiction of the Court, I understand that a probation violation complaint will be filed and a warrant will be issued for my arrest. This action will toll the continuation of my probation term and hold me responsible to the Court…

**{¶23}** R.C. 2929.15 further provides,

> (b) If the court imposing sentence upon an offender sentences the offender to any community control sanction or combination of community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, and if the offender violates any condition of the sanctions, any condition of release under a community control sanction imposed by the court, violates any law, or departs the state without the permission of the court or the offender's probation officer, the public or private person or entity that operates or administers the sanction or the program or activity that comprises the sanction shall report the violation or departure directly to the sentencing court, or shall report the violation or departure to the county or multicounty department of probation with general control and supervision over the offender under division (A)(2)(a) of this section or the officer of that department who supervises the offender, or, if there is no such department with general control and supervision over the

offender under that division, to the adult parole authority. If the public or private person or entity that operates or administers the sanction or the program or activity that comprises the sanction reports the violation or departure to the county or multicounty department of probation or the adult parole authority, the department's or authority's officers may treat the offender as if the offender were on probation and in violation of the probation, and shall report the violation of the condition of the sanction, any condition of release under a community control sanction imposed by the court, the violation of law, or the departure from the state without the required permission to the sentencing court.

**{¶24}** In the case at bar, the probation officer notified the trial court that Dawson had violated the conditions of her community control as directed by R.C. 2929.15(A)(2)(b). In the "motion" filed with the trial court on June 24, 2015, the probation officer informed the trial court that Dawson has failed to report to probation. By Journal Entry filed July 27, 2015, the trial judge found probable cause and issued a warrant for Dawson's arrest.

**{¶25}** The text of the pleading would certainly be controlling over the caption in determining the proper characterization of the document filed by the probation officer on June 24, 2015. *See, State v. Reynolds,* 79 Ohio St.3d 158, 160, 1997-Ohio-304, 679 N.E.2d 1131; *State ex rel. Swanson v. Hague,* 11th Dist. Ashtabula No. 2009-A-0053, 2010-Ohio-4200, ¶18. It is clear that the trial court consider the "motion" as a "notice" of a probation violation pursuant to R.C. 2929.15(A)(2)(b),

Therefore, this court finds there was nothing improper by the Holmes County Adult Probation Department notifying this court the Defendant had

failed to follow the terms of her probation and they were requesting the probation be revoked. The Probation Department was merely notifying the Court and the Prosecutor's office that a violation had occurred. Subsequent prosecution of the alleged violation would be handled by the Holmes County Prosecutor's Office and the Probation Department would merely serve as a witness.

*Judgment Entry*, filed Sept. 21, 2017 at 2. Accordingly, the probation department did not engage in the unauthorized practice of law by filing the notice in accordance with R.C. 2929.15(A)(2)(b).

<u>2. The motion to revoke probation contains sufficient facts upon which the trial court found probable cause to issue the arrest warrant.</u>

{¶26} A complaint or affidavit that merely concludes that the person whose arrest is sought has committed a crime is not sufficient to support a finding that probable cause exists for an arrest warrant. *Giordenello v. United States*, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). "Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police." *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Accord, State v. Hoffman,* 141 Ohio St.3d 428, 2014-Ohio-4795, 25 N.E.3d 993, ¶23.

{¶27} As already noted, the trial court was aware that Dawson's written rules of probation informed her of the obligation to report to her probation officer and the consequences of failing to so report. The trial court was also aware that Dawson was informed that her probation period would be tolled if she were to abscond. The notice

filed by the probation department informed the trial court that Dawson had violated the conditions of her probation by failing to report as required. The court could infer that the probation officer would have personal knowledge of these facts. Thus, the motion contains the conduct that constitutes the alleged violation, and it was made by a person with personal knowledge of the alleged violation. Thus, the warrant for Dawson's arrest was issued with a proper probable cause determination.

{¶28} Accordingly, the trial court did not violate Dawson's due process rights when it overruled her motion to dismiss. The trial court correctly held the issuance of the arrest warrant for Dawson on July 27, 2015 during her probation period tolled the running of his probation period so that the trial court retained jurisdiction to extend her probation with additional conditions on September 26, 2017.

{¶29} Dawson's sole assignment of error is overruled.

{¶30} The judgment of the Holmes County Municipal Court is affirmed.

By Gwin, J.,

Wise, John, P.J., and

Wise, Earle, J., concur