[Cite as *State v. Fadley*, 2023-Ohio-3573.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J |
| | : | |
| -vs- | : | |
| | : | Case No. 2023 CA 00028 |
| MARCUS D. FADLEY | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
                             Court of Common Pleas, Case No.
                             2022CR511

JUDGMENT:                    Affirmed in part; Reversed in part,
                             Remanded

DATE OF JUDGMENT ENTRY:      October 3, 2023

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JENNY WELLS                               WILLIAM T. CRAMER
Prosecuting Attorney                      470 Olde Worthington Road, Suite 200
BY: KENNETH W. OSWALT                     Westerville, OH 43082
Assistant Prosecutor
20 S. Second Street, 4th Floor
Newark, OH 43055

*Gwin, P.J.*

**{¶1}** Defendant-appellant Marcus D. Fadley ["Fadley"] appeals his conviction and sentences after a No Contest plea in the Licking County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** On August 11, 2022, Fadley was Indicted on three counts: (1) aggravated drug possession involving methamphetamine in amounts equaling or exceeding five times the bulk amount but less than fifty times the bulk amount in violation of R.C. 2925.11(A)/(C)(1)(c), a second-degree felony; (2) aggravated drug trafficking involving methamphetamine in amounts equaling or exceeding five times the bulk amount but less than fifty times the bulk amount in violation of R.C. 2925.03(A)(2)/(C)(1)(d), a second-degree felony; and (3) aggravated drug possession involving methamphetamine in violation of R.C. 2925.11(A)/(C)(1)(a), a fifth-degree felony. The charges included forfeiture specifications relating to $245 pursuant to R.C. 2941.1417(A).

**{¶3}** On September 23, 2022, Fadley filed two motions to suppress. One motion challenged Fadley's statements. [Docket Entry No. 20] and the other motion challenged the traffic stop. [Docket Entry No. 19]. The court held an evidentiary hearing on the motions on November 10, 2022, where the defense withdrew the first motion relating to the statements. Supp. T., Nov. 10, 2022 at 5; *Judgement Entry,* filed Nov. 10, 2022. [Docket Entry No. 37]. At the conclusion of the evidentiary hearing on Fadley's motion to suppress challenging the traffic stop, the trial judge took the matter under advisement. Id.

**{¶4}** On January 27, 2023, the trial judge filed a Judgment Entry overruling Fadley's motion to suppress, [Docket Entry No. 46]. On January 30, 2023, Fadley filed a

motion to convert and cancel the jury trial to a change of plea hearing.  [Docket Entry No. 47].  By Judgment Entry filed January 30, 2023, the trial judge scheduled a change of plea hearing for March 22, 2023.  [Docket Entry No. 48].

{¶5}    On March 22, 2023, Fadley pled no contest to the charges and admitted the forfeiture specification.  The court merged counts one and two, and the state elected to proceed on count two.  The court then imposed a mandatory prison term of four to six years on count two and a consecutive term of one year on count three.  The court waived the fines, but imposed costs.  The court also imposed mandatory post release control of eighteen months to three years.  Finally, the court granted Fadley 233 days of jail credits.

{¶6}    On March 23, 2023, the written "No Contest Plea" with respect to Counts 1 and 2 and the written No Contest Plea with respect to Count 3 were filed.  [Docket Entry No. 50].  Each document was signed by Fadley, his attorney and the prosecuting attorney.

*Assignments of Error*

{¶7}    Fadley raises two Assignments of Error,

{¶8}    "I.  APPELLANT'S SENTENCE IS CONTRARY TO LAW BECAUSE THE PRISON TERM IMPOSED IN THE SENTENCING ENTRY IS DIFFERENT FROM THE PRISON TERM IMPOSED DURING THE SENTENCING HEARING.

{¶9}    "II.  INDEFINITE PRISON TERMS IMPOSED UNDER THE REAGAN TOKES LAW VIOLATE THE JURY TRIAL GUARANTEE, THE DOCTRINE OF SEPARATION OF POWERS, AND DUE PROCESS PRINCIPLES UNDER THE FEDERAL AND STATE CONSTITUTIONS."

I.

{¶10}　In his First Assignment of Error, Fadley argues that his sentence is contrary to law because the sentence pronounced on the record in Fadley's presence differs from that stated in the judgment entry of sentence.

**Standard of Appellate Review**

{¶11}　"'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate.　*See Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.'　*Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13."　*State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6.

{¶12}　Because the assignment of error involves the interpretation of a statute, which is a question of law, we review the trial court's decision de novo.　*Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *Accord, State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9; *Hurt v. Liberty Township, Delaware County, OH,* 5th Dist. Delaware No. 17 CAI 05 0031, 2017-Ohio-7820, ¶ 31.

**Issue for Appellate Review**: *Whether Fadley's sentence is contrary to law.*

{¶13}　At the March 22, 2023 sentencing hearing, Fadley was informed by the trial judge as follows,

I find that Counts 1 and 2 merge.　The State's elected to proceed with sentencing on Count 2.　I'll impose *a term of 4 to 5 years* in the state

penitentiary on Count 2.  I'll impose a 1 year sentence on Count 3.  I'll order those to run consecutively with each other for a *5 to 6 year term* in the state penitentiary….

Plea and Sentencing T., Mar 22, 2023 at 20. (Emphasis added).

**{¶14}** However, the trial court's Judgment Entry of Sentencing filed March 23, 2023, states as follows,

The Court finds that Count 1 and 2 merge for purposes of sentencing, and the State of Ohio elects to have the Defendant sentenced on Count 2. It is therefore, ordered that the Defendant serve an indeterminate mandatory *prison term of four (4) to six (6) years* on Count 2 and a stated prison term of one (1) years [sic.] on Count 3 in the state penitentiary. Counts 2 and 3 are ordered to run consecutively with each other for a *five (5) to seven (7) year* indeterminate prison term.

**{¶15}** The parties agree that Fadley's sentence is contrary to law; however, they disagree as to the appropriate remedy.  Fadley asks this Court to order the trial court to issue a nunc pro tunc sentencing entry conforming his sentence in accordance with the sentence imposed in his presence, i.e. a sentence of four to five years on Count 2 with an aggregate sentence of five to six years.  However, the state points out that the trial court's pronouncement of sentence in open court was itself contrary to law due to a mathematical error.

**{¶16}** Fadley was sentenced on Count 2, a felony of the second degree.  Pursuant to R.C. 2929.14(A)(2)(a) "the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and

a maximum term that is determined pursuant to section 2929.144 of the Revised Code." The trial court selected a four-year minimum sentence on Count 2 in Fadley's presence and in it sentencing entry. The trial judge further imposed a one-year sentence on Count 3, to be served consecutively. Thus, the aggregate minimum sentence is four years plus one year for a total minimum sentence of five years. The trial judge correctly stated the aggregate minimum sentence during the sentencing hearing and in his sentencing entry.

{¶17} Pursuant to R.C. 2929.144(B)(1), Fadley's maximum sentence on Count 2 is four years plus fifty per cent of four years for a maximum sentence on Count 2 of 6 years. The trial court incorrectly stated during the sentencing hearing that the maximum sentence for Count 2 was five years. The trial judge correctly stated the 6-year maximum sentence on Count 2 in the sentencing entry.

{¶18} Because Fadley was being sentenced for more than one felony, one of which was a felony of the second degree, and because the court determined that the sentences for both felonies would run consecutively, R.C. 2929.144(B)(2) provides the formula for determining the maximum aggregate sentence in this case. It states,

> (2) If the offender is being sentenced *for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively,* the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be

served consecutively, and *the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.*

Emphasis added.

**{¶19}** Thus, the maximum aggregate term in the case at bar is: the minimum term of four years on Count 2 plus the minimum term of one year on Count 3 equaling 5 years plus 50% of the longest term, i.e. the 4-year sentence on Count 2, equals an aggregate maximum term of 7 years. Thus, Fadley's maximum aggregate sentence is an indefinite sentence of 5 to 7 years. In the case at bar, the trial court correctly stated during the sentencing hearing that the maximum sentence for Count 2 was five years, but the court incorrectly stated the maximum aggregate sentence was 5 to 6 years.

**{¶20}** Crim.R. 43 requires the defendant's presence at every stage of trial, including the imposition of sentence. Crim.R. 43(A)(1). Thus, a trial court's sentence is contrary to law when it imposes a sentence in the sentencing entry different from the sentence announced at the sentencing hearing. *State v. Railey*, 1st Dist. Hamilton No. C–120029, 2012–Ohio–4233, ¶ 21, 977 N.E.2d 703; *State v. Jordan*, 10th Dist. Franklin No. 05AP–1330, 2006–Ohio–5208, ¶ 48.

**{¶21}** As the sentence announced in Fadley's presence was contrary to R.C. 2929.144(B), the trial court failed to notify Fadley at the sentencing hearing of his correct sentence. *State v. Wilson,* 5th Dist. Licking No. 22 CA 00024, 2023-Ohio-419, ¶50. Because the trial court imposed a sentence different from that announced in Fadley's presence at the sentencing hearing, we sustain Fadley's First Assignment of Error.

II.

**{¶22}** In his Second Assignment of Error, Fadley argues his indefinite prison terms imposed pursuant to the Reagan Tokes Act, codified in R.C. 2967.271, violates his right to a jury trial, the doctrine of separation of powers, and due process principals under the federal and state constitutions.

**{¶23}** In *State v. Hacker,* Slip Op. No. 2023-Ohio-2535, 2023 WL 4750237, the Ohio Supreme Court held: 1). R.C. 2967.271 does not violate the separation of powers doctrine; 2). R.C. 2967.271 does not violate a defendant's right to a jury trial; 3). R.C. 2967.271 is not void for vagueness, and 4). R.C. 2967.271 does not violate a defendant's procedural due process rights.

**{¶24}** Fadley's Second Assignment of Error is overruled.

**{¶25}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part, reversed in part, and remanded to the trial court for resentencing in the presence of Fadley in accordance with Crim.R. 43(A)(1).

By Gwin, P.J.

Hoffman, J., and

Baldwin, J., concur